SHIVERS, Judge.
The appellant in this case, World Service Life Insurance Company, appeals a final judgment for the appellee after a jury trial on appellee’s action to recover the proceeds of a credit life insurance policy. After review, we reverse the judgment for appel-lee and remand for a new trial.
The record shows that on November 17, 1980, Grover Bodiford purchased a credit life insurance policy in connection with his installment purchase of a new car, from appellant, through its agent, Jim Hudson. The preprinted insurance application/policy contained the following declaration, directly above the applicant’s signature space:
I hereby certify to the best of my knowledge that I am not under treatment for any disease or disorder and do not now have any disease or disorder of the heart, liver, kidneys, lungs, or intestines. I have not been treated for cancer, high blood pressure, and/or diabetes for the past two years.
According to the trial testimony of Mrs. Bodiford, Grover Bodiford’s wife, the entire transaction regarding the credit life policy was completed in two to three minutes. Mrs. Bodiford stated that Hudson said nothing to Mr. Bodiford about the declaration except “sign here” and that Mr. Bodiford signed the form without reading it. Hudson did not testify at trial and, although his deposition was taken, it was not introduced at trial.
Less than one month later, on 12/11/80, Mr. Bodiford died of complications arising from emergency surgery to repair a ruptured abdominal aortic aneurysm. Application for benefits was made to World, and was denied. The Estate then filed suit to recover the proceeds. World answered, and as an affirmative defense, stated that Bodiford’s representations regarding his health were knowingly false and were made with intent to mislead. A jury trial was held on April 8 and 9, 1985.
At the close of the trial, the court gave the following jury instruction over appellant’s objection:
... the circumstances of the credit life insurance contract between Grover T. Bodiford and World Service Life Insurance Company was such that Eleanor V. Bodiford, as Personal Representation [sic] of the Estate of Grover T. Bodiford is entitled to benefits of the insurance, unless you should decide from the greater weight of the evidence presented to you in this case, that when Grover T. Bodiford purchased the credit life insurance from the Defendant, World Service Life Insurance Company, he did so under motivation of knowledge that he was reasonably certain to die soon and that he *459 was, therefore, intentionally acquiring property with the knowledge to a reasonable certainty, that World Service Life Insurance Company would have to bear his costs.
Appellant’s motion for directed verdict, made at the close of appellee’s case, was denied and the jury returned a verdict in favor of appellee.
Appellant World Service now appeals, raising several issues. Since we remand for a new trial on the ground stated below, we find it unnecessary to address all of the issues raised by appellant.
First, we find that the trial court properly denied appellant’s motion for directed verdict. In response to the insurer’s affirmative defense of fraud, the Estate attempted to show the insured was not responsible for the certification of the state of his health because of the circumstances under which the certification was made. The jury had to decide whether this evidence negated the requisite showing of conscious intent to defraud. More than one conclusion could have been drawn from the evidence on this issue. Therefore, a directed verdict would have been improper.
However, the court did err in giving the above-quoted jury instruction. That instruction was apparently derived from National Life Insurance Company v. Harriott, 268 So.2d 397 (Fla. 2d DCA 1972), in which the Second District held:
[WJhere a purchaser acquires a valuable article and finances it in a transaction secured by credit life insurance under motivation of knowledge that the person whose life is insured, unseen by the lender, is reasonably certain soon to die, a duty to disclose the impending death of the insured arises.
268 So.2d at 399. The facts of the Har-riott case, however, were quite different from those in the instant case. There, the appellee, Robert Harriott, purchased a car and secured credit life insurance on his wife, whom Harriott knew to be suffering from terminal cancer. The insurance application did not contain any questions regarding the health of the proposed insured, and Harriott failed to disclose his wife’s illness to the agent.
Appellant submits, and we agree, that the proper law to be applied in the instant case is found in Metropolitan Life Insurance Company v. Fugate, 313 F.2d 788 (5th Cir.1963). In Fugate, the insurer denied liability on the grounds that the insured had falsely answered several questions contained in the insurance application regarding his health. Applying Florida law, the circuit court of appeals stated:
We conclude and hold that a representation in an application for insurance, whether of fact or opinion, will not void the policy unless made with conscious intent to deceive, which is a matter for the jury to decide unless the evidence admits of no other conclusion.
313 F.2d at 792-793 (the emphasis is not ours but is in Metropolitan).
The court’s failure to use the standard articulated in the Fugate decision requires a new trial. Accordingly, the denial of appellant’s motion for directed verdict is affirmed, the judgment is reversed, and the matter is remanded for a new trial.
THOMPSON and WIGGINTON, JJ., concur.