498 So.2d 504 (1986)
John E. TUERK, et al., and Tomas Pena, Appellants,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Insurance Company, Appellee.
Nos. 85-2891, 86-797.
District Court of Appeal of Florida, Third District.
November 12, 1986.
Rehearing Denied December 19, 1986.
Dennis G. King, Miami, for appellants Tuerk and Pena.
Sanford M. Reinstein, Hialeah, for appellant Pena.
*505 Spencer and Taylor and Dean A. Mitchell, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Tomas Pena and John E. Tuerk appeal the amount of attorney's fees awarded to them by the trial court and the trial court's denial of expert witness fees. We affirm in part and reverse in part.
These cases arose out of claims asserted by Pena and Tuerk against Allstate Insurance Company [Allstate] for recovery of automobile insurance benefits for damages sustained in separate incidents. Both courts granted summary judgment in favor of Allstate; Pena and Tuerk appealed. This court held that Pena and Tuerk were entitled to recover their damages under PIP, but not under uninsured motorist provisions. Tuerk v. Allstate Insurance Co., 469 So.2d 815 (Fla. 3d DCA 1985); Pena v. Allstate Insurance Co., 463 So.2d 1256 (Fla. 3d DCA 1985).
Both trial courts held hearings pursuant to section 627.428, Florida Statutes (1985), which requires a trial court to award an insured a reasonable sum for attorney's fees when he prevails against the insurer. Both Pena and Tuerk were awarded attorney's fees.
We affirm the award of attorney's fees to Pena. At Pena's hearing, his expert witness estimated a reasonable fee between $13,000 and $18,000. Allstate's expert witness quoted $1,200 as a reasonable fee. The trial court awarded Pena $2,000 in attorney's fees, finding that the attorney was only partially successful in obtaining benefits for his client.
We reverse and remand the award of attorney's fees to Tuerk. Tuerk's expert witness testified that $26,000 would have been a reasonable fee in this case. Allstate's expert stated that $1,000 would constitute a reasonable fee. The trial court awarded Tuerk $5,000 in attorney's fees, the maximum amount permitted under the contingent fee contract between Tuerk and his attorney. We find error in the trial court's reliance upon Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), in limiting Tuerk's attorney's fees to the contingent fee contract. See Levy v. Levy, 483 So.2d 455, 458 (Fla. 3d DCA), rev. denied, 492 So.2d 1333 (Fla. 1986) (newly announced rule in Rowe cannot be applied retroactively; to do so would invalidate the fee agreement and would impair vested rights). The trial court specifically stated that if Rowe did not apply it would award a higher fee.
It appears from the record that both Tuerk and Pena presented evidence to the court on the matter of expert witness fees incurred by their experts' testifying in support of attorney's fees; however, neither Tuerk nor Pena were awarded expert witness fees. In Tuerk's case, the trial court summarily denied the claim for expert witness fees. In Pena's case, the trial court did not even address the question of expert witness fees in its order. Although we recognize that a trial court has the authority to exercise its discretion in deciding whether to award expert witness fees, both courts should satisfy themselves that the standards in Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), and section 92.231, Florida Statutes (1985), have been met before denying an award of fees.
Affirmed in part, reversed in part, and remanded.