511 So.2d 1091 (1987)
Ulises TAMAYO, a Minor, BY and through His Parents and Next Friends, Ulises Tamayo and Rosario Estevez and Ulises Tamayo and Rosario Estevez, Individually, Appellants,
v.
MIAMI CHILDREN'S HOSPITAL, Appellee.
Nos. 86-877, 87-370.
District Court of Appeal of Florida, Third District.
September 1, 1987.
*1092 Horton, Perse & Ginsberg and Arnold Ginsberg, J. Arthur Hawkesworth, Jr., Miami, for appellants.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher and Richard Hoffman, Miami, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the plaintiffs from a trial court order awarding them attorney's fees pursuant to Section 768.56, Florida Statutes (1983) as the prevailing parties in a medical malpractice action. The trial court limited the attorney's fees awarded to the amount of the contingent fee payable under the contract between the plaintiffs and their counsel, based on the authority of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985) ("Further, in no case should the court-awarded fee exceed the fee arrangement reached by the attorney and his client.")
We reverse and remand for further proceedings based on the rule in this district that Rowe does not apply retroactively so as to restrict an attorney's fee award to be no more than the fee set by the contingency fee agreement between the party seeking fees and his counsel, where, as here, the said attorney's fee agreement was entered into prior to the effective date of the Rowe decision. Tuerk v. Allstate Ins. Co., 498 So.2d 504 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1040 (Fla. 1987); Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), rev. denied, 492 So.2d 1333 (Fla. 1986). We nonetheless certify that our decision passes upon a question of great public importance, namely, whether the above-stated interpretation of Rowe is a proper and valid interpretation of the Rowe decision, so as to permit further review of this case by the Florida Supreme Court under Article V, Section 3(b)(4) of the Florida Constitution.
The attorney's fee order under review is, therefore, reversed, and the cause is remanded to the trial court with directions to enter an attorney's fee award based on the standards established by Rowe, except that the court-awarded fee may exceed the fee set by the contingency fee agreement between the plaintiff and his counsel.
Reversed and remanded.