513 So.2d 742 (1987)
Franklin B. BYSTROM, Dade County Property Appraiser, and Stephen L. Smith, Dade County Tax Collector, Appellants,
v.
FLORIDA ROCK INDUSTRIES, INC., Appellee.
No. 87-89.
District Court of Appeal of Florida, Third District.
October 6, 1987.
*743 Robert A. Ginsburg, Dade Co. Atty., and Daniel A. Weiss, Asst. Co. Atty., for appellants.
John G. Fletcher, South Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
HENDRY, Judge.
The Property Appraiser and Tax Collector of Dade County appeal an order entered by the trial court, without hearing testimony, which set an expert witness's fee at $250.00. Appellants contend the trial court abused its discretion by setting an unreasonably low fee which failed to take into account the cost of time for the preparation of the expert witness's testimony. We agree.
In the underlying case, Florida Rock Industries, Inc. challenged Dade County's tax assessment of underdeveloped land Florida Rock owned. The trial court, adopting verbatim the opinions and testimony of an appraiser introduced by the county as their expert witness, upheld the tax assessment, which we affirmed. Florida Rock Industries, Inc. v. Bystrom, 485 So.2d 442 (Fla. 3d DCA), review denied, 492 So.2d 1332 (Fla. 1986). Appellants then filed a motion to tax the costs incurred in defending this action against Florida Rock. This motion included an expert witness fee of $5,071.22 due the appraiser for 62.5 hours of preparation time and actual testimony. The trial court, without hearing testimony concerning the expert witness fee, set the fee at $250.00.
Under section 92.231(2), Florida Statutes (1985), a trial judge has discretion to determine reasonable expert witness fees and tax these fees as costs. In addition to the cost of any exhibits used, the cost of time for preparation of an expert witness's opinions and testimony may be included in the taxed costs. Thursby v. Reynolds Metals Co., 466 So.2d 245 (Fla. 1st DCA), review denied, 476 So.2d 676 (Fla. 1985); Conboy v. City of Naples, 230 So.2d 476 (Fla. 2d DCA), cert. denied, 237 So.2d 537 (Fla.), cert. denied, 400 U.S. 825, 91 S.Ct. 48, 27 L.Ed.2d 53 (1970).
In the instant case, the appraiser provided as an exhibit a location map which cost slightly over $150.00. Moreover, the appraiser spent a substantial number of hours examining and investigating the assessment and preparing his testimony. In the final judgment, the trial judge states that "[the appraiser's] testimony was extremely believable and the Court accepts his testimony and opinions verbatim." Consequently, a fee award of $250.00 is unreasonable in light of the time expended and the quality of the testimony and exhibit provided by the county's expert witness. Appellants were justified in objecting to such a low fee award. They are entitled to an evidentiary hearing to determine a reasonable expert witness fee award. Posner v. Flink, 393 So.2d 1140 (Fla. 3d DCA), review denied, 402 So.2d 612 (Fla. 1981). Accordingly, the order appealed from is *744 reversed and the cause remanded for further proceedings.
Reversed and remanded.