523 So.2d 698 (1988)
Steve PYSZ, Appellant,
v.
Williard F. ANDE, M.D., Appellee.
Nos. 4-86-2834, 4-86-3124.
District Court of Appeal of Florida, Fourth District.
April 6, 1988.
Rehearings Denied May 6, 1988.
J. Mark Maynor of Beverly & Freeman, West Palm Beach, for appellant.
Debra J. Snow and Robert M. Klein of Stephens, Lynn, Chernay & Klein, P.A., Miami, for appellee.
STONE, Judge.
This is an appeal from an order denying attorney's fees to the prevailing plaintiff in a medical malpractice action. Prior to trial, the plaintiff, Steve Pysz, settled with two codefendant pharmaceutical companies for $40,000, including costs and fees. After a trial with the remaining defendant, the plaintiff's doctor, the jury returned a verdict for $35,000. However, as the physician was found to be 51% negligent, a judgment was entered for $17,850. The court also awarded the plaintiff costs of $10,280.
It is undisputed that section 768.56, Florida Statutes (1983), which was repealed prior to trial, applies in this case. See Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985). That statute provides for the recovery of attorney's fees by the prevailing party in a malpractice action. The trial court here first determined that a reasonable fee, after adjustments, was $46,200. However, the lower court then recognized that the Supreme Court in Florida Patient's Compensation *699 Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), stated that a reasonable fee for a "prevailing party" cannot exceed the fee agreed upon between that party and his attorney. The trial court noted that the fee contract in this case provided for a fee of "fifty percent of any recovery... ." The court reasoned that there was no "recovery" here because the plaintiff was faced with a set off against his judgment due to the larger settlement with the codefendants. See § 768.041(2), Fla. Stat. Thus, after the settlement proceeds from the pharmaceutical companies were set off against the plaintiff's judgment against the defendant physician, the result eliminated the amount recoverable against the physician.
Nevertheless, we conclude that neither the statute nor the agreement restrict the prevailing plaintiff's right to a judgment for reasonable fees, provided that it may not exceed the contract amount  in this case, fifty percent of the judgment. The plaintiff did "successfully" prosecute his claim. The defense had denied all liability. It is not contended that the defendant/doctor was the prevailing party. Therefore, the judgment does constitute a "recovery," albeit not collectable.
The final paragraph of the appellant's retainer agreement provides in part:
The client acknowledges and understands that in the event it becomes necessary to initiate a civil action for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; that the Court shall award a reasonable attorneys' fee to the prevailing party; ... .
The plaintiff contends that this clause permits the award of the full reasonable attorney's fee. However, such a provision, which does not obligate the client to pay a reasonable fee, is made in apparent compliance with the statutory requirement that the client be informed, and is insufficient to defeat the limiting restriction in Rowe that a prevailing party's attorney's fees cannot exceed the fee agreement reached by that party and his attorney, which in this case was a contingent fee.
Appellant contends that the limiting provision in Rowe is not applicable because that opinion should only have prospective application. However, that view has previously been rejected by this court. See Alston v. Sundeck Products, Inc., 498 So.2d 493 (Fla. 4th DCA 1986). Rowe only addresses the procedure to be used in arriving at a reasonable attorney's fee, and does not alter the right of the prevailing party to such a fee. See Freedom Savings and Loan Association v. Biltmore Construction Company, 510 So.2d 1141 (Fla. 2d DCA 1987). But see Tuerk v. Allstate Insurance Co., 498 So.2d 504 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1040 (Fla. 1987); Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), rev. denied, 492 So.2d 1333 (Fla. 1986). We find the other issues raised by appellant to be without merit.
The order of the trial court denying attorney's fees is reversed. The cause is remanded for entry of an attorney's fee judgment in the sum of $8,925.
ANSTEAD and DELL, JJ., concur.