WENTWORTH, Judge.
Appellant seeks review of a non-final order by which she was awarded attorney’s fees and costs. She contends the trial court improperly limited the fee award to the amount payable under the contingent fee contract between herself and her attorney, and failed to apply an increased contingency risk multiplier to all work performed in the case. We find the court erred in limiting the fee award and reverse as to that issue. We find no error in the court’s application of the increased contingency risk multiplier only to work performed after the first trial, and affirm as to that issue.
Following the first trial in this case, the trial court awarded appellant an attorney’s fee of $12,037.50 based on 107 hours of legal work at $75 per hour and a contingency risk multiplier of 1.5. That award was rendered moot when the judgment for plaintiff Bodiford was reversed on appeal. World Service Life Insurance Company v. Bodiford, 492 So.2d 457 (Fla. 1st DCA 1986). Following a second trial and appeal in which appellant prevailed, the trial court computed an attorney’s fee of $17,255 based on 101.50 hours of legal work expended since the first trial at $85 per hour and an increased contingency risk multipli *702 er of 2.0, based on the application of law less favorable to appellant in the second trial. Including the fee computed at the conclusion of the first trial, appellant’s total fee award therefore would have been $29,292.50. Following language in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985) stating that “in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client,” however, the court limited the fee award to the amount payable under the contingent fee contract between appellant and her attorney. Under the contract, which provided for a fee equal to “45% of the gross amount received, if case is appealed,” appellant’s fee was $17,-230.75.
We reverse on the authority of decisions holding that the above language from Rowe “does not apply retroactively so as to restrict an attorney’s fee award to be no more than the fee set by the contingency fee agreement... where ... the said attorney’s fee agreement was entered into prior to the effective date of the Rowe decision.” Tamayo v. Miami Children’s Hospital, 511 So.2d 1091, 1092 (Fla. 3d DCA 1987); Tuerk v. Allstate Ins. Co., 498 So.2d 504 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1040 (Fla.1987); Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA 1986), rev. denied, 492 So.2d 1333 (Fla.1986). The record here shows that appellant and her attorney entered into the fee agreement in December 1984, prior to the 1985 Rowe decision.
We find no error in the trial court’s application of the enhanced contingency risk multiplier only to work performed after the first trial.
The order accordingly is reversed in part and affirmed in part.
MILLS and BARFIELD, JJ., concur.