529 So.2d 667 (1988)
MIAMI CHILDREN'S HOSPITAL, Petitioner,
v.
Ulises TAMAYO, etc., et al., Respondents.
No. 71213.
Supreme Court of Florida.
May 26, 1988.
Rehearing Denied September 8, 1988.
Betsy E. Gallagher of Kubicki, Bradley, Draper, Gallagher & McGrane, P.A., Miami, for petitioner.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and J. Arthur Hawkesworth, Miami, for respondents.
OVERTON, Justice.
This is a petition to review Tamayo v. Miami Children's Hospital, 511 So.2d 1091 (Fla. 3d DCA 1987), in which the Third District Court of Appeal certified that its decision passed on a question of great public importance. We rephrase the question as follows:
When addressing an attorney's fee award under section 768.56, Florida Statutes (1985), may the lodestar principles set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.[1983]1985), be applied without the requirement contained in Rowe that an attorney's fee not exceed the fee set by the contingency agreement if the agreement was entered into prior to our Rowe decision?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative and rule that if section 768.56, Florida Statutes (1983), applies, all of the principles enunciated in Rowe must apply.
The facts show that the respondents prevailed in a medical malpractice action and recovered a $5,000 judgment. They and their attorney had entered into a forty percent contingency fee contract. The trial court, in awarding attorney's fees pursuant to section 768.56, utilized the principles set forth in Rowe, but limited the award to the forty percent contingent fee payable under their contract. The district court reversed, holding that the language in Rowe which restricted the attorney's fee to no more than the amount contained in the agreement between the attorney and his client should not be applied in this instance because the attorney's fee agreement was entered into prior to the effective date of Rowe and determining that that part of Rowe should not apply retroactively to restrict an attorney's fee award. The court relied on its decisions in Tuerk v. Allstate Insurance Co., 498 So.2d 504 (Fla. 3d DCA 1986), review denied, 506 So.2d 1040 (Fla. 1987), and Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), review denied, 492 So.2d 1333 (Fla. 1986), and remanded the cause to the trial court "with directions to enter an attorney's fee award based on the standards *668 established by Rowe, except that the court-awarded fee may exceed the fee set by the contingency fee agreement between the plaintiff and his counsel." 511 So.2d at 1092.
Section 768.56, Florida Statutes (1983), provides for the award of attorney's fees in malpractice actions to the prevailing party. In upholding the statute's constitutionality in Rowe, we adopted the federal lodestar approach as the "specific guidelines to aid trial judges in the setting of attorney's fees" under this statute. 472 So.2d at 1150. The factors to be considered in making the fee determination when the case involves a contingency fee were set forth as follows:
When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee. However, because the party paying the fee has not participated in the fee arrangement between the prevailing party and that party's attorney, the arrangement must not control the fee award: "Were the rule otherwise, courts would find themselves as instruments of enforcement, as against third parties, of excessive fee contracts." Further, in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client. Based on our review of the decisions of other jurisdictions and commentaries on the subject, we conclude that in contingent fee cases, the lodestar figure calculated by the court is entitled to enhancement by an appropriate contingency risk multiplier in the range from 1.5 to 3. When the trial court determines that success was more likely than not at the outset, the multiplier should be 1.5; when the likelihood of success was approximately even at the outset, the multiplier should be 2; and, when success was unlikely at the time the case was initiated, the multiplier should be in the range of 2.5 and 3.
Id. at 1151 (citations omitted, emphasis added).
We reject respondents' contention that Rowe constitutes a judicial change in the law that may not be applied retroactively because it impairs vested rights. Rowe does not impair any prior contractual rights in this instance because none ever existed between respondents and Miami Children's Hospital. Whatever rights a prevailing party has to collect attorney fees exist solely because of section 768.56. The procedures we adopted in Rowe implement that statutory authorization. These procedures are no different than previous fee guidelines we have established in the Florida Code of Professional Responsibility and court cases. See, e.g., rule 4-1.5, Rules Regulating The Florida Bar (formerly Disciplinary Rule 2-106(B) of the Florida Code of Professional Responsibility); Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982). We hold that all the factors contained in Rowe apply whenever the lodestar approach applies, and further find that no impairment of any contractual rights resulted from their use in the instant case. We emphasize that the factors to be utilized in computing a reasonable attorney's fee, whether established by this Court through the Code of Professional Responsibility or by case law, are procedural in nature. The Tuerk case, relied on by the Third District Court of Appeal, is disapproved. On the other hand, Levy is a domestic relations case which is distinguishable by its nature and circumstances.
For the reasons expressed, we quash the decision of the District Court of Appeal and remand with directions to affirm the order of the trial court.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.