THOMPSON, Judge.
State Farm Fire and Casualty Company (State Farm) appeals a final judgment awarding attorneys’ fees and costs to ap-pellee. We reverse.
Appellee entered into a one-third contingency fee contract with his attorneys, providing that if he was successful in his suit against State Farm they would receive as their fee one-third of any amount recovered by appellee. The maximum possible recovery, due to policy limits, was $40,000. Because appellee was found by the jury to have been comparatively negligent, his actual recovery was $18,000.
There is absolutely no dispute or question as to the terms of the attorney fee contract between appellee and his attorneys. It was a contingency fee contract providing the attorneys would receive as their fee 33⅛ percent of the total amount recovered by appellee. This was clearly set forth in the record, in the briefs and at oral argument. At the hearing to determine the attorney’s fee that is the subject of this appeal, Robert A. Cole, an attorney witness as to a reasonable fee, testified as follows:
Q Did you take a look at the fee agreement between Mr. Burnett and Mr. Johnson?
A Yes.
Q Was that a contract?
A Yes, I believe it was. It was signed by Mr. Johnson.
Q It called for a one-third contingency?
A Thirty-three and a third, I believe it was.
In his brief and in his oral argument the attorney for the appellant stated that the attorney fee contract with appellee was a one-third contingency fee contract. The attorney for the appellee never contradicted that statement. In fact he admitted that he had a one-third contingent fee contract. At the oral argument the following colloquy between Judge Zehmer and David R. Lewis, attorney for the appellee, took place:
*941 JUDGE ZEHMER: What is the contract? The first question I asked Mr. Shaw is, what is the proof of the contract?
MR. LEWIS: Unfortunately, there is none in the record.
JUDGE ZEHMER: Other than the testimony, this was a one-third contingent fee contract?
MR. LEWIS: Yes sir.
JUDGE ZEHMER: Well, if there has to be a reversal and remand, is that a question that should be decided or is that a question that’s already been decided?
MR. LEWIS: There’s no secret about what it is, your Honor. It’s not in the record. If the court wants me to tell it, I can, but there’s no problem.
JUDGE ZEHMER: Well, I just want to go on what the record shows.
In view of the admission of appellee’s attorney that there is no dispute regarding his fee arrangement, there is no need to take further evidence on the meaning and effect of the contract. It is immaterial what fee contract appellee’s attorney could have entered into or should have entered into. The provisions of the fee contract which the appellee entered into are established by the record and they are not in disputo.
In calculating the amount of the fee award to which appellee was entitled the trial court relied on Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) and considered the number of hours reasonably expended and the reasonable hourly rate to arrive at the lodestar figure. The court then enhanced this amount by multiplying it by a contingency risk factor of 1.5. The resulting fee which the court awarded was $41,715. This amount is in error because Rowe specifically cautions that “in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.” Id. at 1151.
Although the contingency fee agreement in the instant case was entered into prior to the effective date of the Rowe decision, the supreme court has recently held that Rowe does not constitute a judicial change in the law which is retroactively inapplicable because it impairs vested rights. Instead, the court explained that Rowe merely implements the statutory provision which authorizes an attorney’s fee award to the prevailing party. No contractual rights exist between the prevailing party and the opposing party, therefore no vested right is impaired. Miami Children’s Hospital v. Tamayo, 529 So.2d 667 (Fla.1988). In Bodiford v. World Service Life Insurance Co., 524 So.2d 701 (Fla. 1st DCA 1988) this court held that' Rowe does not apply retroactively so as to restrict the fee award to the amount of a contingency fee agreement if the agreement was entered into prior to the effective date of Rowe. Two days after this court denied rehearing in Bodiford, the supreme court filed its decision in Tamayo. Therefore, the decision in the instant case is in accord with the supreme court decisions in Rowe and Tamayo, but is in conflict with this court’s prior opinion in Bodiford, which is currently pending review in the supreme court.
We reverse the fee award and remand for reconsideration in light of Rowe as clarified by Tamayo.
REVERSED and REMANDED.
SHIVERS, J., concurs.
ZEHMER, J., dissents and concurs with opinion.