ON MOTION FOR REHEARING
RIVKIND, LEONARD, Associate Judge.
Appellant’s motion for rehearing is granted. The opinion of March 15, 1989, is withdrawn, and we substitute the following opinion.
Appellee, Doris Wasser (Wasser), as personal representative, brought a wrongful death action against appellants, Max W. Wilson, M.D. (Wilson), Wilson, Meigs, Mas-triole & Sutherland, M.D.’s, P.A. (Wilson), and Florida Patient’s Compensation Fund (Fund), alleging medical malpractice. The jury returned a verdict awarding $4,367.05 to the estate and $90,000 to Wasser. Attorney’s fees, in the amount of $101,700, and costs, in the amount of $7,753.80, were awarded to Wasser. These fees and costs were imposed by the trial court against Wilson and the Fund. The trial court clarified the final judgment to hold that the Fund was responsible for that portion of the judgment exceeding $100,000, Wilson’s underlying insurance coverage.
The main issue to be decided by these consolidated appeals is whether the Fund or Wilson’s primary carrier is responsible for Wasser’s attorney fees. The parties agreed at oral argument that the language of the policy provisions of the primary carrier for Wilson was identical to the provisions we interpreted in Sitomer. Florida Patient’s Compensation Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988). All parties concur that the Fund is not liable for legal fees according to Sitomer. We held in Sitomer that the language of the ' health care provider’s underlying coverage was “sufficient to include the payment of attorney’s fees,” thereby precluding liability to the Fund. Sitomer, 524 So.2d at 676.
In deference to the trial judge, the final judgment entered in this case was prior to the publication of Sitomer and, upon agreement of the parties, we have had the benefit of Wilson’s insurance policy which was not presented to the trial court. On the authority of Sitomer, we conclude that Wilson’s carrier is liable for the legal fees of Wasser and therefore reverse the final judgment entered against the Fund.
Appellants also contend that the trial court erred when it failed to limit the attorney’s fees award to the contingency fee agreement between the plaintiff and *926 her attorneys. The trial court found that the fee agreement called for an award of reasonable attorney’s fees. We agree and affirm the trial court on this issue.
AFFIRMED, in part, and REVERSED, in part.
DOWNEY and ANSTEAD, JJ., concur.