545 So.2d 922 (1989)
FLORIDA PATIENT'S COMPENSATION FUND, Appellant,
v.
Darryl MOXLEY, As Personal Representative of the Estate of Lauren Renee Moxley, Deceased, and Louise Moxley, and Darryl Moxley, Individually, Neil J. Karlin, M.D., and Neil J. Karlin, M.D., P.A., Appellees.
Nos. 87-2862, 87-3021.
District Court of Appeal of Florida, Fourth District.
May 10, 1989.
On Rehearing June 28, 1989.
Second Rehearing Denied August 1, 1989.
Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, for appellant-Florida Patient's Compensation Fund.
*923 Alan D. Sackrin of Klein & Tannen, P.A., North Miami Beach, for Karlin.
David H. Krathen, P.A., and Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, for appellees-Moxley.
DOWNEY, Judge.
Appellees, Darryl Moxley and Louise Moxley, and Darryl Moxley as personal representative of the estate of Lauren Renee Moxley, sued Neil J. Karlin, M.D., and Neil J. Karlin, M.D., P.A., and the Florida Patient's Compensation Fund (The Fund) for damages for medical malpractice allegedly committed by Dr. Karlin. A verdict was returned awarding appellees $155,674. After entering a judgment against Karlin, his P.A., and The Fund, and further evidentiary hearings, the trial court entered a judgment for attorney's fees pursuant to statute in the amount of $150,000. The Fund appealed from both judgments, while Karlin appealed only from the judgment awarding attorney's fees.
At the evidentiary hearing on attorney's fees, the court received into evidence a fee agreement between the Moxleys and their counsel, the relevant portion of which is set forth in the margin.[1]
Appellants contend that the trial court erred in finding and awarding a reasonable attorney's fee for plaintiffs in the amount of $150,000 since it exceeded the amount of the contingent fee agreed upon between the Moxleys and their counsel contrary to the express mandate of the Supreme Court of Florida in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), in which the supreme court stated that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." This argument raises the question of whether the plaintiff and his counsel can contract for an attorney's fee based upon a contingent percentage of the recovery or a reasonable fee to be fixed by the court, whichever is greater. We believe that question should be answered in the affirmative. As Judge Zehmer stated in his partial dissent in State Farm Fire & Casualty Company v. Johnson, 547 So.2d 940, 942 (Fla. 1st DCA 1988):
The law also permitted these parties to agree that plaintiff's attorneys would be paid a reasonable fee consisting either of one third of the plaintiff's recovery, or a reasonable fee to be set by the court and paid by the defendant, whichever might be greater. The law and customary practice at the time this agreement was made generally contemplated that plaintiff's attorney would receive the reasonable fee awarded by the court if that amount should be the greater of the two amounts.
To allow a plaintiff to contract with his lawyer to pay a fee larger than the fee provided in their contingent fee contract when the trial court finds it to be a reasonable fee does no violence to the statement in Rowe to the effect that private agreements between plaintiff and counsel cannot be allowed to control the award of attorney's fees. The court must determine what is a reasonable fee. And where, as here, the contract is for a percentage of the recovery, unless the court finds a reasonable fee to be higher, the third party paying the "freight" is not exposed to the possibility of an excessive fee, a specter envisioned in Rowe.
*924 This holding does not conflict with our recent holding in Pysz v. Ande, 523 So.2d 698 (Fla. 4th DCA 1988), where this court construed a contract clause that sounds somewhat similar to the present contract provision. A careful analysis of the provision in Ande makes it clear that the clause was inserted in that contract pursuant to section 768.56, Florida Statutes (1983), merely to inform the client that he might be liable for payment of reasonable attorney's fees should he not prevail. It does not, as here, provide for the disposition of a court-awarded reasonable fee exceeding the amount provided for in the contract.
The Fund, relying on the cases of Florida Patient's Compensation Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988), and Williams v. Spiegel, 512 So.2d 1080 (Fla. 3d DCA 1987), argues that, since the underlying health care provider's policy provided for payment of attorney's fees through its provision for supplementary payments for defense costs, the trial court erred in holding The Fund solely responsible for all attorney's fees.
Appellant, Karlin, recognizes the impact of the cited cases on the determination of who should pay the attorney's fee, the health care provider or The Fund. However, he contends the cited cases are not decided correctly. Ere long we will have an answer to that suggestion as those cases are presently pending in the Supreme Court of Florida. Until that court makes the ultimate decision we must follow our own precedent. Karlin also contends that the language of his malpractice policy simply provides for payment of "costs" not attorney's fees. That question was also previously decided in Sitomer, following Florida Patient's Compensation Fund v. Bouchoc, 514 So.2d 52 (Fla. 1987), adversely to Karlin. Therefore, The Fund's contention is correct that the attorney's fees are not chargeable against The Fund to the extent that the health care provider's insurer is liable therefor. Florida Patient's Compensation Fund v. Wasser, 545 So.2d 924 (Fla. 4th DCA 1989).
Accordingly, we affirm the award of attorney's fees to appellees but reverse the imposition of said attorney's fee against The Fund to the extent those fees are chargeable against Karlin's insurer.
DELL, J., and MARTIN, KAREN L., Associate Judge, concur.

ON REHEARING
PER CURIAM.
Appellants' motion for certification is granted and the opinion of this court filed May 10, 1989, is amended to include the following question, which we certify to the Supreme Court of Florida as being one of great public importance:
Does the holding in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) preclude an attorney's fee in a medical malpractice action above the percentage amount set out in the contingency fee agreement between claimant and her counsel, where the agreement provides that the fee upon recovery shall be the higher of the percentage amount or an amount awarded by the court?
DOWNEY and DELL, JJ., and MARTIN, KAREN L., Associate Judge, concur.
NOTES
[1] (1) As compensation for such professional services. I (we) hereby agree to pay KRATHEN AND SPERRY, P.A. an amount based upon the gross amount of money which KRATHEN AND SPERRY, P.A. recover for me (us) on my (our) behalf (which terms shall include the fair market value of any property which may be recovered, in accordance with the following schedule:

45% whether by settlement, lawsuit, arbitration, or any other means up through and including the trial.
50% in the event an appeal to an Appellate Court from the lower court or courts, whether interlocutory or final.
(2) It is understood that in medical malpractice cases the current law of Florida may provide that the prevailing party be awarded attorney's fees. In the event that attorney's fees are awarded to you by the Court, it is understood that they will be applied to reduce the fees owed by you as determined by the above schedule. In the event the Court awards attorney's fees to you in excess of the amount as may be determined by the above schedule, then such excess, including all fees awarded shall be earned by and paid to KRATHEN AND SPERRY, P.A.