LEVY, Judge.
International Bankers Insurance Co. appeals a final judgment awarding George and Wanda Wegener attorney’s fees of $137,046.87. For the following reasons, we reverse.
The Wegeners obtained a favorable jury verdict in an action on a policy of mortgage guaranty insurance issued by International Bankers Insurance Co. The trial court subsequently entered a judgment notwithstanding the verdict in favor of the insurer, from which judgment the Wegeners successfully appealed. Wegener v. International Bankers Ins. Co., 494 So.2d 259 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 767 (Fla.1987). The cause was remanded for further proceedings.
Thereafter, the Wegeners filed a Motion to Tax Attorney’s Fees. Depositions and testimony adduced at the hearing revealed that the Wegeners had earlier signed a document, dated August 2, 1984, styled “Authority for Representation” which set forth a classic contingent fee agreement. The document provided, in pertinent part, as follows:
We agree to the following fee schedule for all services rendered on our behalf:
1. A contingent fee of thirty-three and one-third percent (33⅛%) of the total settlement amount if the case is settled before commencement of a civil action.
2. A contingent fee of forty percent (40%) of the total settlement or verdict if a civil action is commenced whether the action is settled before trial or trial is begun.
3. A contingent fee of forty-five percent (45%) of the total settlement or verdict if an appeal is taken by any party either before or after trial.
*684 We understand and agree that all costs incurred during investigation and prosecution of our claims are our responsibility no matter the outcome of the legal proceedings.
We have read this agreement and it has been explained to us and we completely understand it and we completely agree with the fee schedule set forth hereinabove.
The trial court also received into evidence a letter, dated February 19, 1985, sent by the Wegeners' attorney to the attorney for the insurer. The letter was signed by the Wegeners and their attorney and purported to set forth their fee agreement. That letter, in pertinent part, stated:
As you know George and Wanda Weg-ener are my father- and mother-in-law. It has always been our desire that the Wegeners should be represented by competent counsel herein and further that any award they obtain should not be consumed by legal fees. Of course I realized from the beginning that since this is an action for the benefits of insurance coverage Interbanker is liable for any attorneys’ fees charged the Wegen-ers. It was always our feeling that In-terbanker should not gain the benefit of any advantageous fee arrangement that I may choose to extend to members of my family.
Accordingly we agreed that I would accept as attorneys fees either any sum that the Court would assess Interbanker as a reasonable attorney’s fee or a contingency fee consisting of the lesser of either:
(1) one-third of the total award following either settlement or trial or appeal, or
(2) $50.00 per hour.
In other words, if the Wegeners do not prevail in this action I will receive no fee at all. If the Wegeners do prevail, and the Court awards a reasonable attorney’s fee I will accept that fee and expect nothing more from the Wegeners. If the Wegeners prevail and the Court does not make Interbanker pay their attorney then I will charge the Wegeners either one-third of the award or $50.00 per hour, whichever is less.
There is no writing reflecting this agreement.
In calculating the fee award to which the. Wegeners were entitled, the trial court applied the lodestar principles set forth in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The trial court calculated a lodestar of $54,818.75 based upon expert testimony adduced at the fee hearing that the Wegeners’ counsel had reasonably expended 327.25 hours at a rate of $100 per hour prior to the first notice of appeal and 176.75 hours at a rate of $125 per hour thereafter, up to the hearing date. The trial court found that the February 19, 1985 letter represented the relevant agreement between the parties and, furthermore, that it constituted a valid contingent fee agreement. The trial court then employed a contingency risk multiplier of 2.5 and awarded a total fee of $137,-046.87. The Wegeners also received a final judgment for $25,000 representing the maximum recovery under their portion of the policy coverage.
The trial court’s ruling fails to take into consideration the binding effect of the language contained in the August 2, 1984, contingent fee agreement. It is that document to which all parties, and the court, must look to ascertain the specifics concerning the fee arrangement between the Wegeners and their attorney and, consequently, the amount of attorney’s fees that the Wegeners would be entitled to recover from the insurer under, applicable Florida statutory and case law.
A valid contingent fee arrangement may exist in which an attorney agrees either to forego a fee if the client does not prevail or to accept a percentage of any recovery. Under this type of fee agreement, however, the percentage effects a ceiling on the maximum amount of fees the attorney may be awarded, a point recently clarified by the Florida Supreme Court in Miami Children’s Hosp. v. Tamayo, 529 So.2d 667 (Fla.1988). The respondents in Tamayo prevailed in a medical malpractice action and recovered a $5,000 judgment. In that *685 case, the respondents were entitled to a statutory award of reasonable attorney’s fees under Section 768.56, Florida Statutes (1983). However, the trial court, noting that respondents had entered into a 40% contingent fee contract with their attorney, followed the Rowe guidelines and limited the attorney fee award to 40% of the recovery. Thereafter, the Florida Supreme Court approved the trial court’s action and re-emphasized its caveat in Rowe that “in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.” Tamayo, 529 So.2d at 668 (quoting Rowe, 427 So.2d at 1151.). See also St. Paul Fire & Marine Ins. Co. v. Sample, 533 So.2d 1196 (Fla. 2d DCA 1988) ($30,000 fee award excessive under Rowe given 40% contingent fee agreement and recovery of $19,230); State Farm Fire & Casualty Co. v. Johnson, 547 So.2d 940, (Fla. 1st DCA 1988) (fee award based upon lodestar multiplied by contingency risk factor reversed where maximum possible recovery under policy limits was $40,000 and fee agreement provided for one-third of total recovery).
Here, the Wegeners obtained a judgment in the amount of $25,000. Pursuant to the provisions of the fee arrangement contained in the “Authority for Representation”, the attorney was entitled to receive the contingent fee “of forty-five percent (45%) of the total settlement or verdict”, since appellate review had taken place after the trial.
In light of the above, the Wegeners were entitled to recover attorney fees from the insurer in the amount of $11,250, which sum represents forty-five percent (45%) of the $25,000 judgment obtained by the Weg-eners. Accordingly, we reverse and remand with directions to award the Wegen-ers $11,250 in attorney’s fees.
Reversed and remanded with directions.
SCHWARTZ, C.J., concurs.