PER CURIAM.
After review of the record and the arguments made by counsel below, we find no abuse of discretion in the trial court’s award of expert witness fees and other *927 costs against cross-appellant Great Horizons Development, Inc.* See generally Bystrom v. Florida Rock Industries, Inc., 513 So.2d 742, 743 (Fla. 3d DCA 1987) (“trial judge has discretion to determine reasonable expert witness fees and tax these fees as costs.”); Tuerk v. Allstate Ins. Co., 498 So.2d 504, 505 (Fla. 3d DCA 1986) (“trial court has the authority to exercise its discretion in deciding whether to award expert witness fees_”), review denied, 506 So.2d 1040 (Fla.1987), disapproved on other grounds, Miami Children’s Hospital v. Tamayo, 529 So.2d 667 (Fla.1988). To the extent that new arguments have been advanced on appeal, we are unable to consider them.
Affirmed.

 The original appeal was filed by Rameo Development Corporation, Minkin's codefendant. Great Horizons cross-appealed on the issue of costs. Rameo voluntarily dismissed its appeal, leaving only the cross-appeal.