## IN RE: MARRIAGE OF VIDRI

Case No. 87-36708 FC (25)

Eleventh Judicial Circuit, Dade County

May 3, 1991

### APPEARANCES OF COUNSEL

Ray H. Pearson, Esquire, for wife.

Mark Silverio, Esquire, and Philip Newcomm, Esquire, for husband.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### *ORDER AWARDING EXPERT FEES AND COSTS*

THIS CAUSE duly came before the Court on Wife's Motion for Suit Monies, Costs and for CPA and other expert fees. The Court incorporates herein the prior proceedings, including the Final Judgment Dissolving Marriage and Order Awarding Attorneys Fees dated March 11, 1991, so as to present the factual and legal setting for the rulings herein.

## Expert Accountant's Fee

The Court heard evidence regarding the issue of reasonable accountant's fees due Martin Sobel, C.P.A. Mr. Sobel has extensive experience in domestic matters and was retained by Wife's attorneys. The testimony and charts by Mr. Sobel were extremely helpful to the Court in understanding the complete financial condition of the Husband, and of the numerous companies with which the Husband was associated. The Court was better able to follow and/or trace the alleged diminution of Husband's assets from $20 million to $6 million or less and to ascertain the value of various businesses and assets.

Without belaboring the point, the Court finds that the fee of $10,890 for Martin Sobel, the accountant for Petitioner, was reasonable, necessary and useful.

## Expert Attorney's Fee

As the evidence at the extended hearing indicated, the awarding of attorneys' fees to Wife's attorney(s) was not a simple matter. In its Order Awarding Attorneys' Fees dated March 11, 1991, this Court indicated the complexity of this litigation. Attorney Jason Berkman testified as the expert on attorneys' fees for the Wife; Mr. Berkman displayed extensive knowledge and insight and was of invaluable assistance to the Court. According to the testimony, Mr. Berkman whose fees are $250 an hour for office time, and $275 an hour for court related work, spent ten hours reviewing the numerous files in order to testify in this exceptional case. The Court finds that the hours expended and the hourly rate of the expert witness, Jason Berkman, were reasonable, necessary and useful, and that he should be paid the sum of $2,750 for his services. *Travieso v Travieso,* 474 So.2d 1184, 1186 (Fla. 1985); and see also *Bystrom v Florida Rock Industries,* 513 So.2d 742 (3DCA 1987).

## Suit Money and Costs

With respect to the Wife's Motion for Costs and Suit Monies, the record shows that the Court reviewed each item of costs and announced its reasons for its rulings. Because of the implications of what this Court has done, an explanation follows:

The touchstone of an award of suit money and costs is Section 61.16, F.S.:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of

maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Husband urges that the Statewide Uniform Guidelines For Taxation of Costs in Civil Actions (September 23, 1981) should control. The Court recognizes that such Uniform Guidelines are restrictive in nature and there is an extreme (if not often insurmountable) burden upon the prevailing party to justify even usual and normal costs. The Court also finds that the Uniform Guidelines are unrealistic when applied to marriage dissolution cases, and indeed may even be in conflict with legislative policy; and that the proper consideration should be Section 61.16, F.S. which authorizes costs of "maintaining or defending" any such a proceeding.

Chapter 61, F.S. governs dissolution of marriage cases. As an integral part thereof, the Legislature sought, "after considering the financial resources of both parties," to equalize the ability of the financially disadvantaged party to obtain and pay for attorney's fees, suit money and costs. The Uniform Guidelines exempt specific cases on "the basis that the assessment of costs pursuant to the guidelines is contrary to applicable substantive law."

The role of the trial court under the Uniform Guidelines is crystal clear: It is the responsibility of the trial judge to exercise his or her "responsibility *under the law* to assess the proper costs," and the Uniform Guidelines are "not to be construed as any intrusion on that responsibility." Preamble to Statewide Uniform Guidelines. (emphasis added.)

Moreover, the Uniform Guidelines, by their textual language, are to be used to tax costs in favor of the "prevailing party." That language is akin to Section 57.041, F.S., which taxes "legal costs and charges" in favor of the party "recovering judgment." There is no "prevailing party" or party "recovering judgment" in a dissolution of marriage case.

Section 61.16, F.S., on the one hand, and the Uniform Guidelines and Section 57.041, F.S. on the other, are clearly not the same, and their purpose is not the same. "Fault" or wrongdoing is contrary to the intent behind Florida's "no fault" divorce statute, unlike other cases where there is a prevailing party or a party who (which) recovers the judgment. It was never intended under Section 61.16, F.S., that the financially disadvantaged spouse was only to obtain meager "Uniform Guideline" costs while the financially advantaged spouse could spend

freely and indiscriminately. Such a rule would frustrate the legislative intent of providing suit money and costs after considering the financial resources of both parties. This is confirmed by the use of two (2) phrases in Section 61.16, F.S., namely "suit money" *and* the "cost" of maintaining or defending any proceeding. According to Black's Law Dictionary (4th Ed.), suit money is:

> "An allowance. . .authorized by statute in some states to be made to a wife on the institution of her suit for divorce, intended to cover the reasonable expenses of the suit and to provide her with means for the efficient preparation and trial of her case."

Accordingly, it appears clear in domestic cases that reasonable suit monies and costs were intended under Section 61.16, F.S., not the more restrictive Uniform Guideline costs. Any other interpretation would lead to absurd results. For example, in today's world, fax, long distance telephone calls, postage and copying are essential to render efficient and effective service to a client. Preparation in a case is indispensable. Are attorneys to subject themselves to malpractice suits because there is no one to pay case preparation costs such as for depositions, transcripts, or to make copies, or send faxes, or to otherwise communicate with their own clients by telephone or the mails? In short, the difference between the Uniform Guidelines and Section 61.16, F.S. is analogous to pitting one lawyer with a quill pen against a lawyer with a copy machine; or a lawyer who travels by horseback to communicate with his client against a lawyer who has access to the latest computers, calculators, faxes, telephones and copying equipment. This antiquated view is most restrictive and unreasonable, and obviously not within the meaning of Section 61.16, F.S., of equalizing the legal talent, suit monies and costs on behalf of each spouse in a dissolution case. This Court's view realistically equalizes the financial resources of both parties and also permits either spouse to utilize the modern, contemporary *services* of a single practitioner or of a large firm as attorneys.

The Court finds that based on the evidence presented, the costs proven by Petitioner/Wife and allowed by the Court served a useful and necessary purpose in these proceedings.

The Court further finds based on the evidence before it, that the Husband (Ramon Vidri) has the financial resources, the earning ability, assets and net worth, and is well able to pay the Wife's costs of $17,378.65.

It is therefore ORDERED AND ADJUDGED as follows:

1. Petitioner's (Wife's) Motion for Suit Money and Costs be and the same is hereby granted.

114

2. Suit money and costs in the total amount of $17,378.65, be and the same are hereby assessed and ordered against Respondent, Ramon Vidri, and shall be paid by him directly to Floyd Pearson Richman Greer Weil Brumbaugh and Russomanno, P.A.

3. Respondent (Ramon Vidri) shall pay to the accountant, Martin Sobel, the sum of $10,890.00 as and for services rendered to Petitioner for maintaining and/or defending this proceeding.

4. Respondent (Ramon Vidri) shall pay to the expert witness, Jason Berkman, the sum of $2,750.00 as and for suit money, costs and services rendered in behalf of Petitioner for maintaining and/or defending this proceeding.

EXECUTION SHALL ISSUE FOR ALL OF THE FOREGOING SUMS.

DONE AND ORDERED in Chambers at the Dade County Courthouse, Miami, Dade County, Florida, this 3rd day of May, 1991.