# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-396
Lower Tribunal No. 20-24681 SP
_____

**United Automobile Insurance Company,**
Appellant,

vs.

**Manuel V. Feijoo, M.D.,
and Manuel V. Feijoo, M.D., P.A.,
a/a/o Ernesto Morera,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Linda Melendez, Judge.

Michael J. Neimand, for appellant.

Law Offices of Kenneth B. Schurr, P.A., Kenneth B. Schurr and Maylin Castaneda, for appellee.

Before HENDON, GORDO and LOBREE, JJ.

GORDO, J.

United Automobile Insurance Company ("United") appeals the trial court's final judgment denying its motion to preclude taxation of expert witness fees and awarding expert fees. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no abuse of discretion in the trial court's order, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 31, 2020, Manuel V. Feijoo, M.D.[1] filed a complaint for breach of contract of personal injury protection ("PIP") benefits against United. On June 8, 2021, United filed its answer denying treatment was medically necessary and related to the accident and asserted its affirmative defense that no coverage existed because the policy was not in effect on the date of loss. Discovery ensued and the parties exchanged interrogatories and requests for production. On July 28, 2021, United filed its motion for summary judgment.

On September 30, 2021, United filed a notice of confession as to entitlement of benefits demanded in the complaint and stipulated to Dr. Feijoo's entitlement to attorney's fees and costs. Dr. Feijoo subsequently sought reimbursement for 16.42 hours in attorney's fees. United objected to

---

[1] Ernesto Morera, a United insured, was injured in an automobile accident on September 2, 2019, and assigned his benefits to Dr. Feijoo and Manuel V. Feijoo, M.D., P.A.

2

the amount of hours requested arguing that only 9.2 hours were reasonably compensable and filed a motion to waive any expert witness fee or in the alternative sought to preclude taxation of an expert witness fee[2]. The trial court denied United's motion, held a fee hearing and ultimately entered final judgment awarding Dr. Feijoo 14.2 hours in attorney's fees and 4.25 hours of expert witness fees. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's award of expert attorney's fees under an abuse of discretion standard. See Travieso v. Travieso, 474 So. 2d 1184, 1186 (Fla. 1985). "We review the trial court's evidentiary findings regarding the attorneys' fee award for competent, substantial evidence." Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 419 (Fla. 3d DCA 2020).

## LEGAL ANALYSIS

United solely contests the award of expert fees arguing "this simple PIP case did not require an expert witness fee since the time required for

---

[2] We include the amount of hours at issue to highlight that this is more than a de minimis disagreement. We do not foreclose the possibility that a trial court may exercise its discretion to preclude an expert where the disagreement is de minimis and it finds the testimony would not be helpful to its consideration of fees. We express no opinion as to whether that would be permissible under different facts.

3

preparation and testifying in this case was not burdensome." We find no abuse of discretion in the trial court's award of expert fees where United litigated the case through summary judgment, filed a notice of confession of entitlement to benefits nine months after the complaint was filed and challenged the number of compensable hours requested by the attorney after agreeing to entitlement of attorney's fees and costs. See Travieso, 474 So. 2d at 1186 ("We hold that pursuant to section 92.231, expert witness fees, at the discretion of the trial court, may be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees."); Bystrom v. Florida Rock Indus., Inc., 513 So. 2d 742, 743 (Fla. 3d DCA 1987) ("[A] trial judge has discretion to determine reasonable expert witness fees and tax these fees as costs."); Sunshine State Ins. Co. v. Davide, 117 So. 3d 1142, 1145–46 (Fla. 3d DCA 2013) (finding under an abuse of discretion standard of review, where "there is evidence in the record presented by the expert[] to support the trial court's conclusion" concerning fees, "we must affirm the order of the trial court" if it "made detailed findings of fact that are supported by competent substantial evidence."). Importantly, while a challenging party may object to the evidence in support of the hours requested for attorney's fees and costs, it may not dictate the type of evidence the prevailing party presents to the trial court. See Crittenden Orange Blossom Fruit v. Stone,

4

514 So. 2d 351, 352–53 (Fla. 1987) ("[I]t is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee."); Brake v. Murphy, 736 So. 2d 745, 747 (Fla. 3d DCA 1999) ("[F]ees cannot be assessed based solely on the testimony of the attorney claiming the fee, but rather expert testimony must be offered substantiating the fee.").

Affirmed.