549 So.2d 745 (1989)
TAMPA BAY PUBLICATIONS, INC., a/k/a Tampa Bay/the Suncoast's Magazine, Appellant,
v.
Ginger WATKINS, Appellee.
No. 88-03197.
District Court of Appeal of Florida, Second District.
September 29, 1989.
*746 William W. Wilhelm, Clearwater, for appellant.
James B. Loper of James B. Loper, P.A., Tampa, for appellee.
RYDER, Acting Chief Judge.
Tampa Bay Publications (Tampa Bay) challenges a final judgment which awarded $9,375.00 in attorney fees under section 448.08, Florida Statutes (1987), to Ginger Watkins in her lawsuit against Tampa Bay for unpaid wages.
Watkins sued Tampa Bay for its failure to pay her commissions on advertising she sold for the Tampa Bay magazine. In her complaint, Watkins demanded a reasonable attorney's fee under section 448.08. That section provides: "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."
When Watkins retained her attorney to litigate the case on her behalf she entered into an agreement which provided for the payment of his fees on a contingency basis. However, the agreement also provided:
[S]hould the attorney's fees paid by the person, firm, corporation or party liable as a result of settlement or the court-awarded attorney's fees exceed the percentage fee, such settlement fee or court-awarded fee shall be the attorney fee. In other words, the attorney's fee shall be the greater of the percentage fee and the fee paid by the person, firm, corporation or party liable. Nothing herein shall limit the fee paid by the person, firm, corporation or party liable to the above percentages.
The parties settled the case before trial for unpaid wages of $5,000.00, costs of $814.88 plus an attorney's fee. The parties did not stipulate to the amount of the attorney's fee, but agreed the court should determine the amount to be paid to Watkins' counsel.
At the attorney's fee hearing, Watkins' counsel submitted evidence that he expended 50.80 hours on the case at a rate of $125.00 per hour, for a fee of $6,350.00. He also submitted an affidavit of another attorney which stated the reasonable number of hours expended in the case were 60.0 at the prevailing rate of $150.00 per hour, which should be enhanced by a multiplier of 1.5 for a total attorney's fee of $13,550.00. Tampa Bay's expert opined that 36.4 hours were necessary at a rate of $125.00 per hour for a total fee of $4,550.00. At the hearing, Tampa Bay's counsel argued that the fee awarded to Watkins' counsel could not exceed the amount provided for within his fee agreement with Watkins. Tampa Bay argued that the agreement provided for a contingent fee of 40% of the $5,000.00 recovery, which is $2000.00. On a hourly basis, the $2,000.00 fee would amount to compensation of $40.00 per hour.
The trial court ruled that Watkins was entitled to an attorney fee award under section 448.08. The court then found that Watkins' counsel reasonably expended fifty hours on the case, that the prevailing market rate was $125.00 per hour, and that the contingency risk multiplier was 1.5, for a total fee of $9,375.00. On appeal, Tampa Bay argues that the court's ruling violates the dictates of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), in that the court-awarded fee exceeds the fee agreement reached by Watkins and her counsel. We disagree and affirm.
In Rowe, 472 So.2d at 1151, our supreme court discussed the contingency risk factor and its importance in personal injury cases. The court stated "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." Id. In Florida Patient's Compensation Fund v. Moxley, 545 So.2d 922 *747 (Fla. 4th DCA 1989), the fee agreement between the plaintiffs and their counsel was similar to the agreement in this case; the attorney fee was to be either a percentage of the recovery or the court-awarded reasonable fee, whichever was greater. The court reasoned that such a contract did not violate Rowe because a reasonable fee does not expose the party required to pay to being victimized by having to pay an excessive fee, which was the possible harm envisioned in Rowe. We adopt the reasoning in Moxley and agree that where there is an alternative fee recovery clause in the fee agreement the trial court may determine what is the reasonable fee using the factors set forth in Rowe. See also State Farm Fire & Casualty Co. v. Palma, 524 So.2d 1035, 1036 (Fla. 4th DCA 1988) (amount of fee agreed to under contract was fee to be awarded by court; $253,500.00 fee to recover $600.00 claim upheld).
The cases appellant relies upon are distinguishable from this case as they did not concern a fee agreement which provided for the alternative of either a contingency fee or a fee awarded by the court. See Perez-Borroto v. Brea, 544 So.2d 1022 (Fla. 1989) (medical malpractice action in which defendant prevailed; principles of Rowe "apply equally to both plaintiff and defendant in this type of action"); Miami Children's Hospital v. Tamayo, 529 So.2d 667 (Fla. 1988) (medical malpractice action; prevailing plaintiff's counsel limited under contingent fee agreement to 40% of $5000.00 judgment as fee). In this case, the attorney fee contract provides for alternative methods by which Watkins' attorney would receive his fee.
Additionally, we note there are certain legislative policy considerations embodied within section 448.08. In actions for unpaid wages, the legislature has specifically provided a means to equalize the disparate positions of employees in attempting to collect for the fruits of their labors. As in personal injury lawsuits, plaintiffs in actions for unpaid wages often do not have the financial means to obtain counsel on an hourly basis. If plaintiff's counsel were only limited to a contingent recovery rather than a reasonable court-awarded fee under section 448.08, attorneys would be discouraged from assuming stewardship of cases to recover unpaid wages unless substantial amounts of money were involved. Therefore, section 448.08 acts as a method by which to equalize otherwise disparate financial abilities of employees to retain counsel. By enacting section 448.08, the legislature obviously intended to avoid the inequities which would result if an employee were required to pay one's own attorney's fees in actions for unpaid wages. Doyal v. School Board of Liberty County, 415 So.2d 791, 793 (Fla. 1st DCA 1982) (employee incurred $6,000.00 in attorney's fees in successful attempt to recover $4,000.00 in unpaid wages and benefits; abuse of discretion not to award employee fees which would make her whole). We also observed that section 448.08 does not require the trial court to impose fees on the successful employee in all cases, but only grants the court the discretion to do so. This statutory provision is also available to the successful employer when the trial court deems the circumstances are appropriate to impose costs on employees for frivolous claims. See Carpenter v. Metropolitan Dade County, 472 So.2d 795, 796 (Fla. 3d DCA 1985) (trial court properly granted attorney's fees under section 448.08 to County as prevailing party where employee filed an action for back wages beyond the applicable statute of limitations period).
Section 448.08 specifically provides that the trial court may award the prevailing party a reasonable attorney's fee and costs. A reasonable fee is determined by the court on the basis of the reasonable number of hours expended, the prevailing hourly rate, and the contingency risk multiplier. In this case, the court properly considered these factors to arrive at and determine a reasonable fee based upon the specific facts and evidence before it.
Affirmed.
LEHAN and THREADGILL, JJ., concur.