550 So.2d 461 (1989)
Robert B. SMITH, M.D., et al., Petitioners,
v.
Harriet R. SITOMER, et al., Respondents.
No. 72610.
Supreme Court of Florida.
October 26, 1989.
Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, for petitioners.
Edward A. Perse of Horton, Perse & Ginsberg, and Hoppe, Backmeyer & Nelson, Miami, for Sitomer.
Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Eaton, Davis & Marks, P.A., Tallahassee, for Florida Patient's Compensation Fund, respondents.
GRIMES, Justice.
We have for review Florida Patient's Compensation Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988). We accepted jurisdiction based on conflict with State ex rel. Royal Insurance Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924), and Prudential Insurance Co. of America v. Lamm, 218 So.2d 219 (Fla. 3d DCA), cert. denied, 225 So.2d 529 (Fla. 1969). Art. V, § 3(b)(3), Fla. Const. In light of our recent decision in Spiegel v. Williams, 545 So.2d 1360 (Fla. 1989), we quash the opinion below.
Respondent, Sitomer, obtained a judgment for $1,250,000 in a medical malpractice action. As the prevailing party, she *462 became entitled to an award of attorney's fees under section 768.56, Florida Statutes (1981). A dispute arose with respect to whether Sitomer's attorney's fees should be paid by Dr. Smith or the Florida Patient's Compensation Fund. In passing on this issue, the Fourth District Court of Appeal referred to the rule of Florida Patient's Compensation Fund v. Bouchoc, 514 So.2d 52 (Fla. 1987), that the Fund shall be liable for prevailing party attorney's fees that are part of the plaintiff's claims against a health care provider which exceed $100,000, except to the extent that the plaintiff's attorney's fees are payable under the provisions of the health care provider's liability coverage. The court then focused upon Dr. Smith's liability insurance policy which stated:
The Staff Fund will pay, in addition to the applicable limits of liability: (a) all expenses incurred by the Staff Fund, all costs taxed against the Member in any suit defended by the Staff fund and all interest on the entire amount of any judgment. .. .
Relying upon the Third District Court of Appeal's decision in Williams v. Spiegel, 512 So.2d 1080 (Fla. 3d DCA 1987), the court held that the plaintiff's attorney's fees were part of the taxable costs covered by Dr. Smith's policy. Sitomer, 524 So.2d at 676. As noted, this Court has since quashed the opinion of the Third District Court of Appeal in Williams, 545 So.2d at 1360.
In Williams, this Court relied upon Barrs and Lamm for the proposition that "attorneys' fees recoverable by statute are regarded as `costs' only when specified as such by the statute which authorizes their recovery." Williams, 545 So.2d at 1362. We held that section 768.56, Florida Statutes (1981), did not specify that attorney's fees could be taxed as costs. Id. Therefore, the policy provision in the instant case cannot be construed to include prevailing party attorney's fees as taxable costs covered by the policy.[*]
Accordingly, we quash the opinion of the Fourth District Court of Appeal and remand for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[*] By separating taxable costs from the obligation to pay judgment interest, the policy language in this case is not even susceptible to the argument for ambiguity advanced by Chief Justice Ehrlich in his dissent in Spiegel v. Williams, 545 So.2d 1360, 1362 (Fla. 1989).