557 So.2d 572 (1990)
Gerald S. KAUFMAN, Etc., et al., Petitioners,
v.
Patricia MacDONALD, Respondent.
No. 74178.
Supreme Court of Florida.
February 1, 1990.
Rehearing Denied March 28, 1990.
*573 Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for petitioners.
Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, for respondent.
GRIMES, Justice.
We review Kaufman v. MacDonald, 545 So.2d 913, 913 (Fla. 4th DCA 1989), in which the court certified as an issue of great public importance the following question:
Does the holding in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) preclude an attorney's fee in a medical malpractice action above the percentage amount set out in the contingency fee agreement between claimant and her counsel, where the agreement provides that the fee upon recovery shall be the higher of the percentage amount or an amount awarded by the court?
We have jurisdiction under article V, section 3(b)(4), of the Florida Constitution.
In the course of adopting the lodestar principle for court-awarded fees, this Court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), stated:
Further, in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.
We later applied this principle in Miami Children's Hospital v. Tamayo, 529 So.2d 667 (Fla. 1988), in which we held that the court-awarded fee could not exceed the maximum permitted under the plaintiff's contingent fee contract.
In the instant case, Kaufman argues that as in Tamayo the court-awarded attorney's fee cannot exceed the percentage of recovery prescribed by the contingent fee contract. However, this case differs from Tamayo in that the fee contract provided that the attorney's compensation upon recovery in the medical malpractice action would be either a specific percentage of the recovery or the amount awarded by the court under the prevailing party statute  whichever yielded the higher fee. Thus, unlike Tamayo, the court-awarded fee did not exceed the fee agreement reached by MacDonald and her attorney. We hold that under the provisions of a fee agreement of the type involved in this case, the court may apply a contingency multiplier and award a reasonable fee which exceeds the amount of the fee which would be recoverable under the percentage alternative of the fee agreement. Accord Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989); Tampa Bay Publications, Inc. v. Watkins, 549 So.2d 745 (Fla. 2d DCA 1989); Florida Patient's Compensation Fund v. Moxley, 545 So.2d 922 (Fla. 4th DCA 1989), review granted, No. 74,431 (Fla. 1989).
We answer the certified question in the negative and approve the opinion of the district court of appeal.
It is so ordered.
*574 EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.