557 So.2d 863 (1990)
FLORIDA PATIENT'S COMPENSATION FUND, Petitioner,
v.
Darryl MOXLEY, Etc., et al., Respondents.
Neil J. KARLIN, M.D., et al., Petitioners,
v.
Darryl MOXLEY, Etc., et al., Respondents.
Nos. 74431, 74480.
Supreme Court of Florida.
March 1, 1990.
Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, and Alan D. Sackrin of Klein & Tannen, P.A., North Miami Beach, for petitioners.
Gary M. Farmer of Bary M. Farmer, P.A., Fort Lauderdale, for respondents.
GRIMES, Justice.
We review Florida Patient's Compensation Fund v. Moxley, 545 So.2d 922, 924 (Fla. 4th DCA 1989), in which the Fourth District Court of Appeal certified the following question:

*864 Does the holding in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) preclude an attorney's fee in a medical malpractice action above the percentage amount set out in the contingency fee agreement between claimant and her counsel, where the agreement provides that the fee upon recovery shall be the higher of the percentage amount or an amount awarded by the court?
In addition, upon the request of petitioners Karlin, we also review the decision because of its conflict with Spiegel v. Williams, 545 So.2d 1360 (Fla. 1989). We have jurisdiction under article V, section 3(b)(3) and (4) of the Florida Constitution.
Pursuant to a jury verdict, respondents Moxley obtained a $155,674 judgment for medical malpractice committed by Dr. Karlin. The court also entered a judgment for $150,000 attorney's fees pursuant to section 768.56, Florida Statutes (1981), directing that the Florida Patient's Compensation Fund rather than Karlin would be responsible to pay the attorney's fees. The issues on appeal concerned the amount of attorney's fees and who should pay them.
The Moxleys had entered a fee agreement which provided that their attorney would be paid a percentage of the recovery or the amount of reasonable fees determined by the court, whichever was the greater. Rejecting the argument that Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), precluded a recovery greater than the amount of the percentages agreed upon between the Moxleys and their attorney, the district court of appeal held that under the alternative provisions of the fee agreement, the Moxleys were entitled to the higher fee awarded by the court as being reasonable. This Court reached a similar conclusion in our recent opinion in Kaufman v. MacDonald, 557 So.2d 572 (Fla. 1990). Therefore, we answer the certified question in the negative.
Turning to the other point, this Court in Florida Patient's Compensation Fund v. Bouchoc, 514 So.2d 52 (Fla. 1987), held under similar circumstances that the Fund was obligated to pay the plaintiff's attorney's fees unless such fees were payable under the provisions of the health care provider's liability insurance coverage. Dr. Karlin's insurance policy provided $100,000 in liability coverage plus supplementary payments described as follows:
The company will pay, in addition to the applicable limit of liability:
(a) all expenses incurred by the company, all costs taxed against the named insured in any suit defended by the company... .
In Spiegel v. Williams, 545 So.2d 1360 (Fla. 1989), we ruled that a liability policy providing for payment of the costs of defending a suit does not cover the payment of attorney's fees assessed against the insured. We explained that attorney's fees recoverable by statute are regarded as costs only when specified as such by the statute which authorizes their recovery and that section 768.56, Florida Statutes (1981), did not specify that attorney's fees could be taxed as costs. More recently, in Smith v. Sitomer, 550 So.2d 461, 462 (Fla. 1989), we construed a liability policy which provided for the payment of "`all costs taxed against the Member in any suit defended by the Staff Fund'" as not covering attorney's fees assessed under section 768.56. It is evident that section 768.56 attorney's fees are not included within the supplementary payments provision of Karlin's policy. Therefore, the Fund will be obligated to pay the Moxleys' attorney's fees.
We approve the decision below insofar as it relates to the certified question. We quash that portion of the decision which holds that Karlin's insurer, rather than the Fund, is obligated to pay the attorney's fees.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.