PER CURIAM.
We have for review Florida Patient’s Compensation Fund v. Wasser, 545 So.2d 924 (Fla. 4th DCA 1989). Having accepted review of Florida Patient’s Compensation *340 Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988), quashed sub nom. Smith v. Sitomer, 550 So.2d 461 (Fla.1989), which conflicted with other district court decisions, we accepted review of this case also.[1] The question presented here, as in Sitomer, is whether the Florida Patient’s Compensation Fund (the Fund) or the medical doctor’s (Wilson’s) primary carrier is responsible for attorney’s fees under section 768.56, Florida Statutes (1981).
The trial court imposed costs and attorney’s fees against the defendant doctor and the Fund, holding the Fund responsible for that portion of the judgment exceeding $100,000, Wilson’s underlying coverage. The district court reversed the Fund’s liability for attorney’s fees and held Wilson’s insurer liable for them.
The Fund argues that Wilson’s insurer, rather than the Fund, is liable for attorney’s fees because Wilson’s insurance policy provided for the payment of “costs.” We rejected this argument in Smith v. Sitomer, 550 So.2d 461 (Fla.1989).
The Fund alternatively argues that it cannot be liable for attorney’s fees because the verdict totaled less than $100,000. We disagree and quash that part of the district court opinion imposing liability for attorney’s fees on Wilson’s insurer. The applicable statute[2] provides:
' 768.54 Limitation of liability and patient’s compensation fund.—
(2) LIMITATION OF LIABILITY.—
(b) A health care provider shall not be liable for an amount in excess of $100,-000 per claim ... for claims covered under subsection (3) [Patient’s Compensation Fund] if the health care provider ... pays at least the initial $100,000 or the maximum limit of the underlying coverage maintained by the health care provider on the date when the incident occurred for which the claim is filed, whichever is greater, of any settlement or judgment against the health care provider for the claim in accordance with paragraph (3)(e).
§ 768.54, Fla.Stat. (1981). In Florida Patient’s Compensation Fund v. Bouchoc, 514 So.2d 52, 53 (Fla.1987), this Court rejected the Fund’s argument that prevailing plaintiffs’ attorneys’ fees were not part of the “claim arising out of the rendering of or failure to render medical care or services.” After the attorney’s fees were assessed in the instant case, the judgment far exceeded $100,000. Because Wilson has paid the $100,000[3] required by the statute, the Fund is obligated for the balance.
We find no error in the trial and district courts’ conclusion regarding the reasonableness of the fee awarded in this case and approve it. In Kaufman v. MacDonald, 557 So.2d 572 (Fla.1990), and Florida Patient’s Compensation Fund v. Moxley, 557 So.2d 863 (Fla.1990), we approved attorneys’ fees above the percentage amount set out in the contingency fee agreement between claimant and counsel where the agreement provided, as the instant agreement does, that the fee upon recovery shall be the higher of the percentage amount or an amount awarded by the court.
Accordingly, we approve in part and quash in part and remand for proceedings consistent with this opinion.[4]
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

. Our review is discretionary. Art. V, § 3(b)(3), Fla. Const.

. Although the Fund cites the 1983 statute in its brief, the trial court decided the question based on the 1981 statute, without objection from the Fund. In any event, our holding would be the same regardless of which statute was applicable.

. Including attorney’s fees of $5,632.95.

. We decline to address the other issues sought to be raised here which were not discussed in the district court opinion.