PER CURIAM.
We affirm a judgment awarding attorney’s fees to the plaintiff, as the prevailing party, in this action on a defaulted note. The fee awarded is supported by the record and is based on the court’s determination of reasonable hours and a reasonable hourly rate. A multiplier of “1” was employed, which means, effectively, that the “lodestar” fee, based on the hourly rate and time, was not enhanced. The fee as computed is substantially less than the fee counsel will receive under the contingent fee agreement between the plaintiff and counsel if the primary judgment is collected. Therefore, it does not run afoul of the proscription in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), that reasonable fees awarded not exceed the prevailing party’s fee agreement with counsel.
We reject Appellant’s assertion that where the primary judgment remains uncollected, the award of a judgment for attorney’s fees is an unenforceable windfall where the fees are contingent. It cannot be disputed that judgments for reasonable attorney’s fees, where authorized by statute or contract, may be awarded where the party’s fee contract with counsel is contingent. Collection *10 of the primary obligation is not a prerequisite to an award of reasonable fees. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); Florida Patient’s Compensation Fund v. Moxley, 557 So.2d 863 (Fla.1990). Finding no error or abuse of discretion as to any of the issues asserted, the judgment is affirmed.
STONE, POLEN and SHAHOOD, JJ., concur.