713 So.2d 1108 (1998)
Tricia WOLFE, Appellant,
v.
Elizabeth NAZAIRE, Appellee.
No. 97-3795.
District Court of Appeal of Florida, Fourth District.
July 22, 1998.
Manuel A. Fernandez, Miami, for appellant.
Denise A. Gunn of Esler & Lindie, P.A., Fort Lauderdale, for appellee.
BRYAN, BEN L., Associate Judge.
Tricia Wolfe, plaintiff in a negligence action that resulted in a defense verdict, timely appealed the trial court's order awarding the defendant, Elizabeth Nazaire, $7,500 in attorney's fees. The contract between Nazaire and her attorney provided for a fee to be based on an hourly rate of $85 or whatever may be awarded by the trial court, whichever is higher. Appellant argued that the fee could not exceed a ceiling of $4,318 based on 50.8 hours times the $85 agreed. In Kaufman v. MacDonald, 557 So.2d 572, 573 (Fla.1990), the Florida Supreme Court, responding to a certified question from this court, approved an attorney's fee that was higher than the contingent fee set out in the contract where the contract provided that the attorney's compensation would be either a specific percentage of the recovery or the amount awarded by the court under the prevailing party statute, whichever yielded the *1109 higher fee. There is no logical way to distinguish the instant case. The only difference is that an hourly rate is utilized instead of a contingency as the alternative basis. The trial court did not err in its determination that it was not bound by the "cap."
Appellant asserts correctly that the trial court erred in failing to set out in the order the hours reasonably expended and the reasonable rate to be applied to those hours. See Kelly v. Tworoger, 705 So.2d 670, 672 (Fla. 4th DCA 1998). Accordingly, the case is reversed and remanded for the trial court to determine the amount of attorney's fees to be awarded after making the required findings.
WARNER and SHAHOOD, JJ., concur.