LAGOA, J.
 

 Western and Southern Life Insurance Co. (“Western”) appeals from a final judgment awarding attorney’s fees and costs to Jessica Beebe (“Beebe”). Western challenges only the amount of fees awarded, not entitlement. Because the trial court improperly awarded fees in excess of those provided for in the contingent fee contract (the “contract”), we reverse.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 Beebe entered into a contract with Lynn Waterman (“Waterman”) for representation concerning coverage under a life insurance policy issued by Western. Ultimately, final summary judgment was entered in favor of Beebe and against Western. In granting final summary judgment, the trial court found that Beebe was entitled to recover her attorney’s fees and taxable costs pursuant to section 627.428, Florida Statutes (2010),
 
 [1]
 
 
 *1216
 
 but deferred determination of the amount. This Court affirmed the summary judgment in favor of Beebe.
 
 W. & S. Ins. Co. v. Beebe,
 
 11 So.3d 960 (Fla. 3d DCA 2009).
 

 Beebe then filed an amended motion for final judgment awarding attorney’s fees and taxable costs. In opposition, Waterman filed an affidavit stating that a reasonable hourly rate for the services rendered was $300. In her supporting memorandum, Beebe requested an award based on an hourly rate of $451 per hour, plus a multiplier of 2.5.
 

 The trial court conducted several hearings on Beebe’s motion and subsequently entered a detailed order finding that $350 an hour was the reasonable hourly rate and that Beebe was entitled to a multiplier of 1.5. The trial court then entered a final judgment awarding Beebe attorney’s fees in the amount of $281,610, in addition to costs, and pre-judgment interest, for a total of $356,344.44. This appeal ensued.
 

 II.
 
 ANALYSIS
 

 Relying upon
 
 Florida Patient’s Compensation Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985), Western argues on appeal that the trial court erred in applying an hourly rate of $350 rather than $300 as set forth in the contract. We agree with Western, and reverse the award of attorney’s fees.
 

 The contract between Beebe and Waterman contained the following language:
 

 Lynn S. Waterman, Esq.’s (“Attorney”) fee shall be $300.00 per hour; however, Attorney shall receive for her fee only such fees as may be awarded against the Defendant(s) by the court or hearing officer to whom the subject claim is presented. In the event a recovery is made on the claim by settlement, the client agrees not to take any action which would prejudice Attorney’s right to obtain her fee from the Defendant(s), absent prior consent of the Attorney.
 

 IT IS AGREED and UNDERSTOOD that this employment is upon a contingent fee basis, and if no recovery is made, I, JESSICA BEEBE, will not be indebted to my attorney for any sum whatsoever as attorney’s fees.
 

 Therefore, according to the terms of the contract, Waterman would only receive fees in the event that Beebe prevailed on her claim, and then, only those awarded by the court against Western.
 
 [2]
 

 Rowe
 
 and its progeny stand for the proposition that the amount of attorney’s fees awarded by the trial court in a case involving a contingency fee agreement may not exceed the actual fee agreement between the prevailing party and his or her attorney.
 
 [3]
 
 In
 
 Rowe,
 
 the Supreme Court
 
 *1217
 
 established the lodestar formula for setting a reasonable attorney’s fee, and stated that “[o]nce the court arrives at the lodestar figure, it may add or subtract from the fee based upon a ‘contingency risk’ factor and the ‘results obtained.’ ”
 
 Rowe,
 
 472 So.2d at 1151. In addressing the contingency risk factor, the Court stated:
 

 Because the attorney working under a contingent fee contract receives no compensation when his client does not prevail, he must charge a client more than the attorney who is guaranteed remuneration for his services. When the prevailing party’s counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee. However, because the party paying the fee has not participated in the fee arrangement between the prevailing party and that party’s attorney, the arrangement must not control the fee award: “Were the rule otherwise, courts would find themselves as instruments of enforcement, as against third parties, of excessive fee contracts.” Further, in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.
 

 Id.
 
 (citations omitted, emphasis added);
 
 see also Miami Children’s Hosp. v. Tamayo,
 
 529 So.2d 667 (Fla.1988) (holding that trial court properly limited court awarded fees to the forty percent contingent fee payable under contingency fee contract).
 
 See generally Standard Guar. Ins. Co. v. Quanstrom,
 
 555 So.2d 828, 831 (Fla.1990) (explaining that
 
 Rowe
 
 “effectively established a cap on the fee by holding that ‘in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client’ ”).
 

 Here, the contract provides that “Lynn S. Waterman, Esq.’s (“Attorney”) fee shall be $300 per hour; however, Attorney shall receive for her fee only such fees as may be awarded against the Defendants) by the court or hearing officer to whom the subject claim is presented.” (emphasis added). Consistent with the contract, Waterman stated in her affidavit in support of the motion for summary judgment for fees and costs that $300 was a reasonable hourly rate for her services. However, Waterman later claimed in her memorandum in support of an amended motion to fees and costs that she had “not stipulated to any particular hourly fee.” Indeed, her explanation at the hearing below was that she just “thought you had to have some kind of rate in there.” Her expert also opined that the $300 per hour figure was “surplusage” that “means nothing in the contract.” The trial court agreed, and found that it was not bound by the hourly rate set in the contract because “if the [cjourt was bound to that rate then had the attorney set $1,000 hourly rate, the [cjourt would have to uphold that rate. Clearly that would be unreasonable.”
 

 We find that the trial court erred in applying an hourly rate of $350 per hour. The contract clearly and unambiguously states that Waterman’s hourly rate was $300 per hour. Waterman swore that this was a reasonable rate for her services in her affidavit in support of fees. Pursuant to the statute, the trial court was bound to make an award of a reasonable sum as fees, and, contrary to the trial court’s reasoning, it was indeed bound by the hourly rate set forth in the contract— as a cap on that award.
 
 [4]
 
 The fact that the
 
 *1218
 
 contract provides for an hourly rate rather than the more traditional percentage of recovery is of no moment. Accordingly, we reverse the final judgment awarding attorney’s fees and costs to Beebe.
 
 [5]
 

 Reversed.
 

 [1]
 

 . The statute provides, in relevant part:
 

 627.428. Attorney’s fee
 

 (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any
 
 *1216
 
 named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
 

 [2]
 

 . The contract at issue here is a "full contingency-fee arrangement."
 
 See Lane v. Head,
 
 566 So.2d 508, 509 n. 1 (Fla.1990).
 

 [3]
 

 . In contrast, in cases where the client agrees that the attorney will be paid
 
 either
 
 a specific percentage of the recovery
 
 or
 
 the amount awarded by the court pursuant to a prevailing party statute, whichever is higher, the Supreme Court has held that the trial court may award fees which exceed the amount recoverable under the percentage alternative of the fee agreement. This is so because the court-awarded fee does not exceed the fee agreement entered into by the client and the attorney.
 
 Florida Patient's Comp. Fund v. Moxley,
 
 557 So.2d 863 (Fla.1990);
 
 Kaufman v. MacDonald,
 
 557 So.2d 572 (Fla.1990).
 

 [4]
 

 . The trial court’s belief that it was not bound by the rate stated in the contract because then it would be forced to uphold any rate stated in a contingency fee contract, regardless of how high, ignores the overriding principle that pursuant to
 
 Rowe,
 
 the trial court is required “to determine a
 
 reasonable
 
 hourly rate for the
 
 *1218
 
 services of the prevailing party’s attorney.”
 
 Rowe, 472
 
 So.2d at 1150 (emphasis added).
 

 [5]
 

 . After oral argument and the preparation of this opinion, the parties advised this Court that the cause has since been settled. As a result, we are not compelled to remand for further proceedings below.