WALLACE, Judge.
 

 Compass Construction, Inc., challenges the amount of the attorney’s fees awarded to First Baptist Church of Cape Coral, Florida, Inc., in an action for indemnification. The fees awarded to First Baptist substantially exceeded the amount actually charged by First Baptist’s attorney for his services. Because the trial court was limited by the noncontingent fee agreement between First Baptist and its attorney in making the award of fees against Compass, we reverse the final judgment for attorney’s fees.
 

 I. THE FACTS AND PROCEDURAL HISTORY
 

 Compass and First Baptist were both named as defendants in an action arising from a construction accident. First Baptist defended the main action and also pursued a cross-claim for contractual indemnity against Compass. Ultimately, First Baptist prevailed against the plaintiff in the main action and on its cross-claim for indemnity.
 

 Compass conceded that First Baptist was entitled to an award of attorney’s fees as part of its indemnity claim. However, the parties disagreed about the appropriate hourly rate at which the fee for First Baptist’s attorney should be calculated. Compass argued that the fee for First Baptist’s attorney must be limited to the hourly rate actually charged and billed to the client. First Baptist contended that its attorney was entitled to a fee calculated on the basis of a substantially higher hourly rate.
 

 First Baptist had insurance coverage for the claim made against it in the main action. The insurance company assigned an attorney to represent First Baptist and provided a defense to the plaintiffs claims. The attorney assigned to the case had a written fee agreement with the insurance company for the defense of personal injury and wrongful death cases brought against the company’s insureds, such as First Baptist. In accordance with the agreement, the attorney billed the insurance company for his services at the rate of $170 per hour. The insurance company’s obligation to pay the agreed hourly rate was not contingent in any respect.
 

 The agreement contained an additional provision which — in the attorney’s words—
 
 *1275
 
 “specifically states that if someone other than the insurance company is to pay the fees, then the amount will be the greater of the amount charged the insurance company and the amount to be determined by the Court.” Such provisions are generally seen in contingency fee agreements.
 
 See Kaufman v. MacDonald,
 
 557 So.2d 572 (Fla.1990);
 
 Tampa Bay Publ'ns, Inc. v. Watkins,
 
 549 So.2d 745 (Fla. 2d DCA 1989). This court has previously described a similar provision as “an alternative fee recovery clause.”
 
 Watkins,
 
 549 So.2d at 747.
 

 After a hearing, the trial court ruled that First Baptist could recover from Compass “a reasonable fee to be later determined by this Court even if that amount is greater than the amount [First Baptist’s] counsel charged First Baptist Church.” The trial court determined at a later hearing that First Baptist’s attorney reasonably and necessarily expended 115.40 hours in the defense of the plaintiffs claims and that a reasonable hourly rate for the services of First Baptist’s counsel was $350 per hour. Based on these findings, the trial court entered a final judgment awarding First Baptist attorney’s fees in the amount of $40,390. This appeal followed.
 

 II. THE STANDARD OF REVIEW
 

 The issue of First Baptist’s right to a fee award calculated at an hourly rate higher than the rate established in the controlling, noncontingent fee agreement is a question of law. Accordingly, our review of this question is de novo.
 
 See Ware v. Land Title Co. of Fla., Inc.,
 
 582 So.2d 46 (Fla. 2d DCA 1991).
 

 III. DISCUSSION
 

 In the landmark case of
 
 Florida Patient’s Compensation Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985), the Supreme Court of Florida established a limit on court-awarded attorney’s fees “by holding that ‘in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.’ ”
 
 Standard Guar. Ins. Co. v. Quanstrom,
 
 555 So.2d 828, 831 (Fla.1990) (quoting
 
 Rowe,
 
 472 So.2d at 1151);
 
 see also Perez-Borroto v. Brea,
 
 544 So.2d 1022, 1028 (Fla.1989) (holding that a noncontingent fee agreement between an attorney and the client limits the trial court when it applies the principles of
 
 Rowe
 
 to determine the amount of a court-awarded attorney’s fee). In this case, the trial court calculated the fee awarded to First Baptist at an hourly rate that was more than double the noncontingent, hourly rate fee arrangement negotiated by the attorney and First Baptist’s insurance company. In awarding fees to First Baptist at an hourly rate that exceeded the rate agreed to by First Baptist’s attorney, the trial court erred.
 

 On appeal, First Baptist does not argue that it was entitled to the application of a contingency risk multiplier in determining the amount of its court-awarded fee. Such an argument would fail because there was no risk of nonpayment in the arrangement between the attorney and First Baptist’s insurance company. Under the fee agreement, the attorney was entitled to payment at his hourly rate regardless of the outcome of the case. Absent a risk of nonpayment, the application of a contingency risk multiplier in determining the amount of a court-awarded fee is not warranted.
 
 See Quanstrom,
 
 555 So.2d at 835;
 
 Wolfe v. Nazaire,
 
 758 So.2d 730, 734 (Fla. 4th DCA 2000) (Farmer, J., concurring specially).
 

 First Baptist relies on the presence of the alternative fee recovery clause in the fee agreement as the basis for the trial court’s authority to award a fee calculated at an hourly rate in excess of the negotiat
 
 *1276
 
 ed hourly rate in the contract. Where a fee agreement provides for the greater of a fee equal to a percentage of the recovery or the amount awarded by the court, the court may apply a contingency risk multiplier and award a fee that exceeds the amount recoverable under the percentage alternative of the fee arrangement.
 
 Fla. Patient’s Comp. Fund v. Moxley,
 
 557 So.2d 863, 864 (Fla.1990);
 
 Kaufman,
 
 557 So.2d at 573;
 
 Watkins,
 
 549 So.2d at 747. But this rule applies only when the fee arrangement is contingent, i.e., the attorney has assumed the risk of nonpayment. Here, the fee arrangement was not contingent, and First Baptist’s attorney did not assume any risk of nonpayment for his services. Thus the insertion of an alternative fee recovery clause in the agreement is unavailing.
 

 On this point, the Third District’s decision in
 
 Daniels v. Bryson,
 
 548 So.2d 679 (Fla. 3d DCA 1989), is instructive. In
 
 Bryson,
 
 the appellees had prevailed in the trial court in an action they filed to obtain public records.
 
 Id.
 
 at 679-80. The appellees’ fee agreement provided that their attorney would be paid at the rate of $90 per hour.
 
 Id.
 
 at 682. The agreement provided further that in the event of a court award of fees, the attorney would first reimburse the appellees for attorney’s fees and costs already paid and retain any excess.
 
 Id.
 

 The trial court awarded the appellees attorney’s fees under section 119.12, Florida Statutes (1987).
 
 Id.
 
 at 681. Applying an analysis based on
 
 Rowe,
 
 the trial court established a reasonable hourly rate of $175 per hour and awarded a contingency risk factor of 2.5.
 
 Id.
 
 at 682. The trial court’s analysis resulted in a fee award that substantially exceeded a fee calculated at the hourly rate that the appellees had agreed to pay their attorney.
 

 On appeal, the Third District reversed the fee award.
 
 Id.
 
 at 682-83. Noting that the appellees had a conventional hourly rate fee agreement with their attorney, the Third District said that the court-awarded fee could not exceed the amount the appellees would be obligated to pay their attorney.
 
 Id.
 
 at 682. The Third District specifically considered and rejected the appellees’ reliance on the alternative fee recovery clause in the agreement as authority for the fee enhancement:
 

 Within the context of
 
 Rowe
 
 a contingent fee is one in which “the attorney working under a contingent fee contract receives no compensation when his client does not prevail....” 472 So.2d at 1151;
 
 accord Quanstrom v. Standard Guaranty Ins. Co.,
 
 519 So.2d 1135, 1136 (Fla. 5th DCA 1988). Where, as here, appel-lees are compensated on a flat hourly basis regardless of outcome, the possibility of a court-ordered enhancement does not convert the arrangement into a contingent fee. That is particularly so where, in the present case, the hourly fee is the fee customarily charged the particular client.... While other partial contingency arrangements may be permissible, the appellees’ fee arrangement cannot be considered contingent within the meaning of
 
 Rowe
 
 and its progeny.
 

 Id.
 
 (first alteration in original) (citation omitted). Thus the fee for the appellees’ attorney could not be calculated at a rate exceeding $90 per hour, the agreed hourly rate in the fee agreement. In this case, as in
 
 Bryson,
 
 the fee for First Baptist’s attorney had to be calculated at the agreed hourly rate in the agreement between the attorney and the insurance company.
 

 First Baptist places special reliance on three cases in support of its position. The first of these cases is
 
 Kaufman.
 
 The fee agreement under review in
 
 Kaufman
 
 provided for a contingency fee based on a
 
 *1277
 
 percentage of the recovery. 557 So.2d at 573. In addition, the fee agreement included an alternative fee recovery clause.
 
 Id. Kaufman
 
 is not controlling here because the fee agreement under review in
 
 Kaufman
 
 was for a true contingency fee where the attorney assumed the risk of nonpayment. That is not the case here because the fee arrangement between First Baptist’s attorney and the insurance company called for an hourly rate payable regardless of the result, not a contingency fee.
 

 The second case upon which First Baptist relies for affirmance is
 
 Watkins.
 
 As First Baptist points out, the
 
 Watkins
 
 court held that a trial court could award attorney’s fees in an amount higher than the fee established as a percentage of the recovery in the contract with the client where there was an alternative fee recovery clause in the fee agreement. 549 So.2d at 747. However, the fee agreement under review in
 
 Watkins
 
 provided for the payment of fees on a contingency basis, not on an hourly rate.
 
 Id.
 
 at 746. The absence of any risk of nonpayment for First Baptist’s attorney is a critical difference between
 
 Watkins
 
 and this case. Thus
 
 Watkins
 
 is inápposite.
 

 Finally, First Baptist relies on the Fourth District’s decision in
 
 Wolfe. Wolfe
 
 was a split decision in which Judge Farmer concurred in the result but disagreed with the reasoning in the majority opinion. 758 So.2d at 734. In
 
 Wolfe,
 
 the fee agreement provided for a fee calculated at a specified hourly rate “or an amount awarded by the court under the prevailing party statute, whichever yielded the higher fee.”
 
 Id.
 
 at 732. The
 
 Wolfe
 
 majority concluded that “[i]t was clearly within the trial court’s discretion to enter an award in an amount higher than the agreed upon hourly rate set forth in the contract.”
 
 Id.
 
 at 733. This conclusion tends to support First Baptist’s position here. But the
 
 Wolfe
 
 majority also suggested — somewhat inconsistently — that the contingent nature of the fee is a necessary factor when determining whether a multiplier is appropriate:
 

 “A court may consider applying a multiplier as a ‘useful tool’ in determining a reasonable fee if the evidence in the record establishes that: (1) the relevant market requires a contingency multiplier to obtain competent counsel; (2) the attorney was unable to mitigate the risk of nonpayment in any other way; and (3) use of a multiplier is justified based on factors such as the amount of risk involved, the results obtained, and the type of fee arrangement between attorney and client.”
 

 Id.
 
 (quoting
 
 Bell v. U.S.B. Acquisition Co.,
 
 734 So.2d 403, 412 (Fla.1999)). The
 
 Wolfe
 
 majority actually disapproved the fee award in that case because the trial court did not explain its reasons for the use of a multiplier and the affidavits submitted in support of the fee request “neither requested] a multiplier nor provide[d] support that a contingency risk factor was involved.”
 
 Id.
 

 Parts of the majority opinion in
 
 Wolfe
 
 appear to be consistent with the principles expressed in
 
 Rowe
 
 and
 
 Quanstrom.
 
 But Judge Farmer disagreed with the majority’s reasoning because it implied that a multiplier was permissible in the absence of an actual risk that the fee would never become due:
 

 The essential problem with a multiplier in this case is the lack of any contingency. There was no “risk of nonpayment” in the fee agreement between defendant and her lawyer. This was an agreement for the defendant to pay specified hourly rates for the lawyer’s time spent defending the lawsuit. The duty of payment was in no way contin
 
 *1278
 
 gent or dependent on how the lawsuit turned out.
 

 Wolfe,
 
 758 So.2d at 734 (Farmer, J., concurring specially) (footnotes omitted). We find the view expressed by Judge Farmer in his special concurring opinion to be better reasoned.
 

 Shortly after
 
 Wolfe
 
 was decided, the Fourth District considered the case of
 
 Pompano Ledger, Inc. v. Greater Pompano Beach Chamber of Commerce, Inc.,
 
 802 So.2d 438 (Fla. 4th DCA 2001). In that case, the Fourth District reversed an attorney’s fee order applying a contingency risk multiplier where the fee award was entered under section 57.105, Florida Statutes (2000). Citing the factors outlined in
 
 Bell
 
 and quoted in
 
 Wolfe,
 
 the Fourth District concluded:
 

 Applying these factors to the instant case, no contingency risk multiplier should have been applied. No evidence was present that the attorneys were unable to mitigate the risk of nonpayment in any other way. In fact there was no risk of nonpayment. The insurance company was paying the attorney’s fees.
 

 Pompano Ledger,
 
 802 So.2d at 439. In reaching this conclusion, the Fourth District cited to Judge Farmer’s special concurring opinion in
 
 Wolfe.
 
 However, the Fourth District did not recede from or disapprove its prior decision.
 

 In our view,
 
 Pompano Ledger
 
 is consistent with
 
 Rowe
 
 and
 
 Quanstrom
 
 and is also consistent with Judge Farmer’s concurring opinion in
 
 Wolfe.
 
 We are unable to reconcile the majority opinion in
 
 Wolfe
 
 with the prevailing law on this issue in Florida. Arguably,
 
 Wolfe
 
 may be distinguished from the case before us on the rationale that the basis for the court-awarded fee in
 
 Wolfe
 
 was a prevailing-party statute whereas the legal basis for the court-awarded fee in this case is First Baptist’s right to contractual indemnity. However, we are not inclined to think that such a distinction has any practical significance.
 

 IV. CONCLUSION
 

 The trial court’s award of attorney’s fees to First Baptist at a rate higher than the agreed hourly rate in the applicable fee agreement is inconsistent with
 
 Rowe
 
 and its progeny. Moreover, First Baptist will be made whole on its claim for contractual indemnity by payment of an attorney’s fee calculated at the hourly rate agreed upon between the attorney and the insurance company. The payment of a fee calculated at a higher hourly rate results in a windfall to the attorney that Compass should not be obligated to pay.
 

 For the foregoing reasons, we reverse the final judgment for attorney’s fees and remand for the entry of an amended final judgment for attorney’s fees to be calculated in accordance with the agreed-upon hourly rate stated in the applicable fee agreement. We certify that our decision is in direct conflict with the Fourth District’s decision in
 
 Wolfe.
 

 Reversed and remanded with directions.
 

 NORTHCUTT and DAVIS, JJ., Concur.