POLSTON, C.J.
We review the Second District Court of Appeal’s decisions in Compass Construction, Inc. v. First Baptist Church of Cape Coral, Florida, Inc., 61 So.3d 1273 (Fla. 2d DCA 2011), and Compass Construction, Inc. v. First Baptist Church of Cape Coral, Florida, Inc., 61 So.3d 497 (Fla. 2d DCA 2011). The Second District certified that its decisions are in direct conflict with the Fourth District Court of Appeal’s decision in Wolfe v. Nazaire, 758 So.2d 730 (Fla. 4th DCA 2000) (Wolfe II), concerning the validity of an alternative fee recovery clause in a fee agreement that uses an hourly rate as the other basis for payment.[1]
We hold that such a clause is valid. Accordingly, we quash the Second District’s decisions in First Baptist and remand for reinstatement of the judgment awarding attorney’s fees. We also approve the Fourth District’s decision in Wolfe II to the extent that it recognizes the validity of an alternative fee recovery clause with an hourly-rate alternative.
I. BACKGROUND
The Second District explained the facts of the First Baptist cases as follows:
Compass and First Baptist were both named as defendants in an action arising from a construction accidents[2]] First Baptist defended the main action and also pursued a cross-claim for contractual indemnity against Compass. Ultimately, First Baptist prevailed against the plaintiff in the main action and on its cross-claim for indemnity.
Compass conceded that First Baptist was entitled to an award of attorney’s fees as part of its indemnity claim. However, the parties disagreed about the appropriate hourly rate at which the fee for First Baptist’s attorney should be calculated. Compass argued that the fee for First Baptist’s attorney must be limited to the hourly rate actually charged and billed to the client. First Baptist contended that its attorney was entitled to a fee calculated on the basis of a substantially higher hourly rate.
First Baptist had insurance coverage for the claim made against it in the main action. The insurance company assigned an attorney to represent First Baptist and provided a defense to the plaintiffs claims. The attorney assigned to the case had a written fee agreement with the insurance company for the defense of personal injury and wrongful death cases brought against the company’s insureds, such as First Baptist. In accordance with the agreement, the attorney billed the insurance company for his services at the rate of $170 per hour. The insurance company’s obligation to pay the agreed hourly rate was not contingent in any respect.
The agreement contained an additional provision which [provided that “[sjhould anyone other than the [insurance company] be required to pay attorney’s fees ... the hourly rate for attorney’s fees would be $300.00 ..., or such amount as is determined by the [c]ourt, whichever is higher.”] Such provisions *980 are generally seen in contingency fee agreements. This court has previously described a similar provision as “an alternative fee recovery clause.”
After a hearing, the trial court ruled that First Baptist could recover from Compass “a reasonable fee to be later determined by this [c]ourt even if that amount is greater than the amount [First Baptist’s] counsel charged First Baptist Church.” The trial court determined at a later hearing that First Baptist’s attorney reasonably and necessarily expended 115.40 hours in the defense of the plaintiffs claims and that a reasonable hourly rate for the services of First Baptist’s counsel was $350 per hour. Based on these findings, the trial court entered a final judgment awarding First Baptist attorney’s fees in the amount of $40,390.
First Baptist, 61 So.3d at 1274-75 (citations omitted).
On appeal, the Second District reversed the award calculated at the higher rate, holding that “the trial court was limited by the noncontvngent fee agreement between First Baptist and its attorney in making the award of fees against Compass.” Id. at 1274 (emphasis added). However, the Second District certified conflict with the Fourth District’s decision in Wolfe II, 758 So.2d 730, which concluded that an alternative fee recovery clause that used an hourly rate as the other basis for payment left it “clearly within the trial court’s discretion to enter an award in an amount higher than the agreed upon hourly rate set forth in the contract.” Id. at 1277 (quoting Wolfe II, 758 So.2d at 733).[3]
II. ANALYSIS
First Baptist argues that the Second District erred by reversing the trial court’s fee award that, in accordance with the fee agreement’s alternative fee recovery clause, required Compass to pay prevailing party reasonable attorney’s fees in an amount greater than First Baptist’s insurance company owed under the agreement’s hourly rate. We agree.[4]
In Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985), which involved a statutory fee-shifting provision entitling the prevailing party to recover reasonable attorney’s fees from the nonprevailing party, this Court approved the federal lodestar method for determining court-awarded fees[5] and established the rule that “in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.” Later, this Court recognized that *981 Rowe ⅛ prohibition against the court-awarded fee exceeding the fee agreement also applies where fees are awarded pursuant to a contractual fee-shifting provision. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 834 (Fla.1990) (holding that the caps discussed in Rowe are applicable to contract claims); see also Kuhnlein, 662 So.2d at 311 n. 3 (recognizing that “Rowe and Quanstrom are fee-shifting cases [where] the adverse party is required by statute or contract to pay attorney fees of the prevailing party”).
We have since applied Rowe to cap fees awarded under both contingency and hourly fee agreements. For example, in Miami Children’s Hospital v. Tamayo, 529 So.2d 667, 667-68 (Fla.1988), we held that the defendant could not be required to pay the plaintiffs more in prevailing party attorney’s fees than the plaintiffs would owe their attorney under their contingency fee contract. Moreover, in Perez-Borroto v. Brea, 544 So.2d 1022, 1023 (Fla.1989), we held that “the principles of Rowe must apply equally to both plaintiff and defendant” and limited the fees awarded to the prevailing defendant under the same statutory fee-shifting provision at issue in Ta-mayo to the amount the defendant owed his attorney under their hourly fee agreement.
In response to Rowe, attorneys began including in their fee agreements what the Second District in this case calls an “alternative fee recovery clause.” See First Baptist, 61 So.3d at 1275. This clause generally provides for an attorney’s fee of the greater of either (i) a specified fee if the fee is paid by the client, or (ii) a court-awarded reasonable fee if the fee is paid by a third-party pursuant to a fee-shifting provision. See id.; see also Wolfe II, 758 So.2d at 732.
Over twenty years ago, we approved the use of an alternative fee recovery clause to require the losing party to pay prevailing party attorney’s fees in an amount that exceeded what the prevailing party would have been required to pay her attorney under the contingency-fee clause of her contract. See Kaufman v. MacDonald, 557 So.2d 572, 573 (Fla.1990). In so holding, we reasoned as follows:
[Defendant] argues that as in Tamayo the court-awarded attorney’s fee cannot exceed the percentage of recovery prescribed by the contingent fee contract. However, this case differs from Tamayo in that the fee contract provided that the attorney’s compensation upon recovery ... would be either a specified percentage of the recovery or the amount awarded by the court under the prevailing party statute — whichever yielded the higher fee. Thus, unlike Tamayo, the court-awarded fee did not exceed the fee agreement reached by [plaintiff] and her attorney.
Id.; see also Fla. Patient’s Comp. Fund v. Moxley, 557 So.2d 863, 864 (Fla.1990) (holding that plaintiffs, who entered a contingency fee agreement containing an alternative fee recovery clause similar to that in Kaufman, were entitled to the higher reasonable attorney’s fee awarded by the court and that the alternative fee provision kept the award from violating Rowe’s prohibition against recovering an amount exceeding the fee agreement); Wilson v. Wasser, 562 So.2d 339, 340 (Fla.1990) (relying on Kaufman and Moxley to uphold an alternative fee recovery clause that included a contingency fee as the other basis for payment).
Additionally, we have repeatedly recognized that the principles of Rowe and its progeny apply to court-awarded reasonable attorney’s fees in fee-shifting cases. See, e.g., Tamayo, 529 So.2d at 668 (holding “that all the factors contained in Rowe apply whenever the lodestar approach ap *982 plies”); Kuhnlein, 662 So.2d at 311 (recognizing that Rowe’s “lodestar approach ... must be applied in statutory fee-shifting cases”). And, in reviewing court-awarded reasonable attorney’s fees, we have held that requiring the losing party to pay an amount exceeding the prevailing party’s fee agreement does not violate Rowe ⅛ prohibition against awarding fees in excess of the fee agreement if the agreement contains an alternative fee recovery clause. See Kaufman, 557 So.2d at 573; Moxley, 557 So.2d at 864; see also Wasser, 562 So.2d at 340.
The reasoning we used to uphold alternative fee recovery clauses with contingency fee alternatives in Kaufman, Moxley, and Wasser applies to alternative fee recovery clauses in general, regardless of the other basis for payment. Once a fee-shifting statute or contract triggers a court-awarded fee, the trial court is constrained by Rowe and its progeny in setting a fee that must be reasonable. This alleviates any concern that enforcing an alternative fee recovery clause will result in the nonprevailing party paying an unreasonable fee. See Moxley, 557 So.2d at 864; see also Tampa Bay Publ’ns, Inc. v. Watkins, 549 So.2d 745, 746-47 (Fla. 2d DCA 1989) (“adopting] the reasoning in Moxley ” that an alternative fee recovery clause does “not violate Rowe because a reasonable fee does not expose the party required to pay to being victimized by having to pay an excessive fee, which was the possible harm envisioned in Rowe ”).
The Fourth District recognized this in Wolfe v. Nazaire, 713 So.2d 1108, 1108 (Fla. 4th DCA 1998) (Wolfe I), where it relied on our decision in Kaufman, 557 So.2d 572, to recognize the validity of an alternative fee recovery clause in the defendant’s fee agreement that “provided for a fee to be based on an hourly rate of $85 or whatever may be awarded by the trial court, whichever is higher.” Rejecting the plaintiffs argument that the court-awarded fee could not exceed the amount that the defendant owed her attorney under the fee agreement, the Fourth District reasoned as follows:
There is no logical way to distinguish the instant case [from Kaufman ]. The only difference is that an hourly rate is utilized instead of a contingency as the alternative basis. The trial court did not err in its determination that it was not bound by the “cap.”
Wolfe I, 713 So.2d at 1109. However, because the trial court “fail[ed] to set out in the order the hours reasonably expended and the reasonable rate to be applied to those hours,” the Fourth District reversed and remanded the case “for the trial court to determine the amount of attorney’s fees to be awarded after making the required findings.” Id.
Subsequently, in the certified conflict case, Wolfe II, 758 So.2d at 732, the Fourth District reiterated its holding in Wolfe I “that a trial court could award attorney’s fees that exceeded the hourly wage the attorney and client agreed upon, where the contract addressing attorney’s fees stated that compensation would be either a specified hourly wage or an amount awarded by the court under the prevailing party statute, whichever yielded the higher fee.” Thus, the Fourth District affirmed the trial court’s finding that the attorney reasonably expended 25 hours at a reasonable rate of $100 (even though the fee agreement required the client to pay an hourly rate of $85), for a lodestar fee of $2,500. Id. However, because the trial court also applied a contingency multiplier to the lodestar without “stat[ing] the grounds for enhancement” and because the record did not contain sufficient evidence to support enhancing the fee with a multiplier, the Fourth District reversed and *983 remanded with directions for the trial court to award $2,500. iii attorney’s fees. Id.
As we recognized in Kaufman, Moxley, and Wasser, an alternative fee recovery clause does not violate Rowe ⅛ prohibition against the fee award exceeding the fee agreement because it establishes an agreed rate that the client must pay but also states that the court may award a higher, reasonable attorney’s fee if someone other than the client is required to pay. And, as the Fourth District aptly stated, “There is no logical way to distinguish” an alternative fee recovery clause that uses “an hourly rate ... instead of a contingency as the alternative basis.” Wolfe I, 713 So.2d at 1109.[6]
Further, contrary to the dissent’s suggestion otherwise, the fact that an indemnity contract instead of a statute triggered payment of fees to the prevailing party in this case is immaterial to the clause’s validity. First Baptist obligated itself (through its insurer, under the alternative fee recovery clause) to pay its attorney a higher fee if the court ordered a third party to pay the fee, and the parties’ indemnity agreement extended this obligation to Compass. Therefore, requiring Compass to pay the alternative fee is not at odds with decisions the dissent cites to argue that the purpose of indemnity contracts is to reimburse for damages actually incurred. See dissent at 986. As the dissent acknowledges, not one of those decisions applies an alternative fee recovery clause. See dissent at 993. In fact, one of the eases cited by the dissent[7] indicates that its holding limiting an attorney’s fee award to the amount actually charged would have been different had the fee agreement contained such a clause:
This is also not a case where the agreement between the parties was for the attorney to receive a court-awarded fee or a specified fee, whichever was greater.
Nelson v. Marine Group of Palm Beach, Inc., 677 So.2d 998, 1000 (Fla. 4th DCA 1996) (citing Kaufman, 557 So.2d 572). The type of alternative fee recovery clause referenced in Nelson is what is before us here, and we conclude that the clause is valid, regardless of the fact that the mechanism that triggered its application was not a statute.
To reiterate, the amount of the fee award does not exceed Compass’ contractual indemnity obligation because First Baptist (through its insurer) is actually obligated to pay that amount under the fee agreement. Moreover, as explained above, any court-ordered fee is subject to judicial review under Rowe. Therefore, by enforcing Compass’ contractual obligation to pay the alternative fee, which was set by the trial court pursuant to Rowe and subject to appellate review, we have not “authorized the widespread arbitrary deprivation of property in violation of due process.” Dissent at 997.
III. CONCLUSION
Based on the foregoing, we hold that the alternative fee recovery clause, which required Compass to pay prevailing party reasonable attorney’s fees in an amount greater than First Baptist’s insurance company owed under the agreement’s hourly rate, is valid. Accordingly, we quash the Second District’s decisions in First Baptist and remand for reinstate *984 ment of the judgment awarding attorney’s fees. We further approve the Fourth District’s decision in Wolfe II to the extent that it recognizes the validity of an alternative fee recovery clause with an hourly-rate alternative.
It is so ordered.
POLSTON, C.J., and PARIENTE, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
LEWIS, J., dissents with an opinion.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. First Baptist was the owner, and Compass was the general contractor.

. In the companion case, First Baptist, 61 So.3d at 497, the Second District held:
We reverse the final judgment for attorney's fees and remand for the entry of an amended final judgment for attorney's fees to be calculated in accordance with the agreed hourly rate stated in the applicable fee agreement. See Compass Constr., Inc. v. First Baptist Church of Cape Coral, Fla., Inc., 61 So.3d 1273 (Fla. 2d DCA 2011). We certify that our decision is in direct conflict with the Fourth District’s decision in Wolfe v. Nazaire, 758 So.2d 730 (Fla. 4th DCA 2000).

. Because the fee award is based on the trial court’s legal conclusion that an alternative fee recovery clause with an hourly-rate alternative is valid, we apply the de novo standard of review. See Kuhnlein v. Dep't of Revenue, 662 So.2d 309, 311-12 (Fla.1995) (explaining that a trial court’s decision regarding whether to apply a lodestar or percentage approach to calculate attorney’s fees is a legal conclusion subject to de novo review); see also Chandler v. Geico Indem. Co., 78 So.3d 1293, 1296 (Fla.2011) (explaining that de novo review applies to the interpretation of a contract).

.Under the lodestar method, the trial court determines an objectively reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. Rowe, 472 So.2d at 1151.

. We note that, in setting the reasonable court-awarded fee in this case, the trial court did not apply a contingency fee multiplier. Accordingly, we do not address whether application of a multiplier would have been appropriate.

. See dissent at 990.