# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-935
Lower Tribunal No. 19-23764 SP

_____

**Tonya Bland,**
Appellant,

vs.

**Dade County Federal Credit Union,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Catherine A. Riggins, for appellant.

Dunn Law, P.A., and Joshua C. Kligler and Jerrod M. Maddox, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985); Fla. Patient's Comp. Fund v. Moxley, 557 So. 2d 863 (Fla. 1990); First Baptist Church of Cape Coral, Florida, Inc., v. Compass Const., Inc., 115 So. 3d 978, 981 (Fla. 2013) ("Over twenty years ago, we approved the use of an alternative fee recovery clause to require the losing party to pay prevailing party attorney's fees in an amount that exceeded what the prevailing party would have been required to pay her attorney under the contingency-fee clause of her contract") (citing Kaufman v. MacDonald, 557 So. 2d 572, 573 (Fla.1990)). See also Nazarova v. Nayfeld, 339 So. 3d 475, 476-77 (Fla. 3d DCA 2022) (observing that "if the asserted basis for the award of attorney's fees is an underlying contract, and the pertinent contract language is 'broad enough to encompass fees incurred in litigating the amount of fees,' a litigant may claim attorney's fees incurred in litigating the amount of attorney's fees.") (quoting Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC, 88 So. 3d 386, 389 (Fla. 4th DCA 2012)).